## SPEAK v. SPEAK.

No. 5114. Decided March 2, 1933. (19 P. [2d] 386.)

*Benjamin Spence,* of Salt Lake City, for appellant.

*Geo. A. Faust,* of Salt Lake City, for respondent.

FOLLAND, Justice.

This is an appeal from a decree of divorce in favor of plaintiff, the husband, on the ground of desertion. The trial court made findings "that on or about the 2d day of February, 1923, the defendant deserted and abandoned the plaintiff without cause and ever since has and still continues to willfully and without cause desert the said plaintiff against his will and without his consent."

The only question presented by this appeal is whether or not this finding is supported by the evidence. Plaintiff in his complaint alleges willful desertion by defendant on or about February 2, 1923. Defendant in her answer denies that she deserted plaintiff and alleges that plaintiff deserted and abandoned her. The parties were the only witnesses, except one witness called to prove residence of plaintiff in Salt Lake county. Plaintiff is a veteran of the World War and is at present in a crippled condition on account of a fracture of two of the vertebrae of the spine incurred in the war and for which he was operated on some time after February 2, 1923. The parties married at Winston, Salem, N. C., September 2, 1920. They have no children, and have had none. Between the time of marriage and the alleged desertion the parties lived at Charleston, S. C., Lakehurst, N. J., New York City, N. Y., Pittsburg, Pa., Portsmouth, Ohio, and Williamson, W. Va. No permanent home was established by the husband, but the parties usually lived in one room in boarding houses or apartments. On some of these removals the plaintiff went on alone and left his wife to follow him as best she could; at other times he took her with him. Plaintiff, while working for a railroad company at Portsmouth, was transferred to Williamson. About February 2, 1923, he obtained a railroad pass for his wife to go from Portsmouth to Winston-Salem to visit her people. Plaintiff traveled with defendant to Williamson, where they remained about two nights and a day, and then defendant went on to Winston-Salem while plaintiff remained at Williamson, where he had employment at the rail-

road shops. Plaintiff testified defendant wanted to go home to her folks for a visit of two weeks and he was willing she should go. Defendant testified that plaintiff wanted her to go home to her folks and that she was willing to go. She said he sent her home to "get shut of me." Defendant had a return trip pass from Winston-Salem, N. C., to Portsmouth, Ohio, which had been provided by plaintiff, and which she did not use. That she did not return to him at the end of two weeks is the basis of his claim that she deserted him. On about February 25, 1923, about three weeks after the parties separated at Williamson, Speak lost or quit his job and went to Cleveland, Ohio. He claims he wrote his wife a letter from Cleveland saying that he had a job and asking her to come to him. Later he testified he did no work after February 25, 1923, which was about the date he left Williamson. He remained at Cleveland two or three months, then went to New York, to Washington, D. C., to Boise, Idaho, and finally to Salt Lake City. He testified he wrote five or six letters in all to his wife but she did not answer him. Mrs. Speak testified she received three letters from him while he was at Williamson, but never heard from him after that, and that in his last letter he told her not to come to him or to write him until she heard from him as he was going to move. While he was at Williamson she wrote him at least once. Two of his letters to her were introduced in evidence and are copied below. The last letter she said she did not have as she sent it to the Salvation Army in an effort to locate her husband. In 1925 she located him through the Red Cross organization and obtained a portion of his veteran's compensation. At the time of the trial he was entitled to $100 per month from the government of which he received $70 and his wife $30. Each testified this was their only means of support. Plaintiff is so incapacitated that he cannot work, and defendant said she did not have good health and was not "stout." When asked on the trial if he still wanted to live with her, he said no. Her reply to a similar question was that she had never refused to live with him and

would return to him if he would treat her "decent"; that he did not "treat me right before." The physical condition of plaintiff was such that he was able to work during the time the parties lived together and until he went to Cleveland. He "broke down" at Cleveland and was in government hospitals at New York, Washington, and Boise. At one of these hospitals he had an operation on his spine. At no time in his testimony did plaintiff say his wife's separation from him was against his will and without his consent.

The letters Speak wrote Mrs. Speak from Williamson are the following:

"Feb. 15, 1923.
"Your note duly received and answered
"Ernest
"129 Rin St.,
"Williamson, W. Va."

"Williamson, W. Va., Feb. 16, 1923.
"Dear Belle
"Will answer your letter the second time. I almost forgot. How did you like the one I wrote you yesterday. How is the weather down there. It is very cold here and this house is like a ice box. This is the dearist town I ever saw, everything is so high that one can hardly live deacently this job is not very good. I am machine shop foreman now from 3 P untill 11 P we are only getting in 8 hours a day now I shure wish I had stayed in Portsmouth tell Millie and Grace that I appreciate their invitation very much but unless conditions change very much I will have to decline their hospitality that is enough B. S. for one time find out how big a shop the N and W has in Winston-Salem as I am going to try and Transfer there because things are so high here that it is all most impossiable to live here Elmer could tell you whether they have a shop or just a Round House or not you can tell the worl that I dont like this Place and you Wont eiter after you have beene here a few days Will close answer soon.
"Ernest
"129 Rin St. Williamson W. Va."

Undoubtedly the separation on February 2, 1923, was voluntary, with full consent of both parties, and if there was a willful desertion by either party of the other it must

appear from the conduct of the parties after that time. A separation to which both parties willingly concur is not in any sense of the word a willful desertion of one by the other.

Comp. Laws Utah 1917, § 2905, as amended by Laws Utah 1929, c. 93, p. 174, provides as one of the grounds for divorce:

"Wilful desertion of plaintiff by defendant for more than one year."

What must be proved to establish desertion is stated as follows in 9 R. C. L. p. 355:

"To establish desertion three things must concur and must be proved; these are, cessation from cohabitation continued for the statutory period, intention in the mind of the deserter not to resume cohabitation, and the absence of the other party's consent to the separation or misconduct on his or her part justifying the separation."

"Willful" is defined in 9 R. C. L. p. 356:

"The term 'willful' as so used has been held to mean 'on purpose, intentional,' * * * The word 'willful' does not imply any malice or wrong toward the other party. Used in this connection it means absenting one's self from the society of the other spouse with the intention to continue to live apart in spite of the wishes of such other spouse and without any intention to return to cohabitation."

A party cannot make a separation, which was begun and prolonged by common consent, a ground for divorce where he has made no effort at a reconciliation. Such separation is deemed to be with the consent of both parties. 9 R. C. L. 371. The complaining party must end the agreement by requesting a resumption of matrimonial cohabitation. 19 C. J. 57; *Hague* v. *Hague,* 95 N. J. Eq. 537, 96 A. 579. Ordinarily the husband has the right to establish the family domicile, or to change it, and it is the duty of the wife to follow him, where he requests it and furnishes her the necessary means to follow him. 19 C. J. 59.

We must conclude from the record in this case that the separation on February 2, 1923, was with the consent of both parties, and that Mrs. Speak's continued stay at her old home was with the husband's consent. The letter in evidence clearly indicates that he was not very desirous of having his wife come to him at Williamson; in fact, his complaints about the place and his dissatisfaction indicate an intention to presently leave, with the intimation that he may join her at Winston-Salem. Instead of going to Winston-Salem, he left and went to Cleveland. Giving full credit to his statement that he wrote her and asked her to come to him there, we think that not sufficient to put her in default, since he did not have a job at that place, apparently had no intention of furnishing a home for her there, is not shown to have had ability so to do, and he does not even say he sent her the means by which to come to him. Her return trip pass would have taken her only part way to Cleveland had she used it. He did not do sufficient to place her in default and visit upon her the penalty of refusing to live with him. If defendant's testimony be believed, the case is stronger in favor of the wife, as she says she was told in his last letter from Williamson not to come to him and not to write until he wrote from his new address, and that she never did receive another letter from him. It is quite apparent that neither of the parties has affection for the other, and that neither desires to resume matrimonial cohabitation. This state of affairs, however, does not give either a right of action against the other. Mrs. Speak says she has never refused to live with her husband. The evidence rather clearly shows that Speak seemed more anxious to be free from her than she to be free from him. On at least two occasions previous to February, 1923, when plaintiff left one place for another, his wife followed him on her own volition and at her own expense. Plaintiff has failed to prove a case of willful desertion by his wife against his will and without his consent.

The judgment and decree of the district court for Salt

Lake county is reversed, and the case remanded, with directions to dismiss plaintiff's complaint. Costs to appellant.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.