Com. ex rel. Cronhardt *v.* Cronhardt, Appellant.

Argued October 11, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Maurice Stern,* for appellant.

*Howard M. Kuehner,* with him *Harry Kaufman,* Assistant District Attorney, and *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1939:

This appeal is by the defendant, Allyn Cronhardt, from the action of the Municipal Court of Philadelphia County in reinstating a previous order of that court directing him to pay Alice May Cronhardt $7 per week upon the theory that he is legally bound to support her as his wife. The reasonableness of the order is not questioned if the court below had jurisdiction to make it in the face of a decree of absolute divorce granted the defendant against the relator on October 10, 1935, by the Circuit Court for Baltimore County, Maryland, upon the ground of desertion upon the part of the relator.

Although the parties had been separated for more than twenty years, and had two daughters who had been partially supported by defendant, the relator's first effort to compel defendant to contribute to her support was made in the court below in March, 1937. The hearing upon that petition was before BLUETT, J., who declined to give any extra-territorial effect to the Maryland decree, saying: "It does not seem to me it was obtained in good faith, and there has been no personal service of the proceedings on Mrs. Cronhardt so she might have an opportunity to defend."

From the order of $7 per week then made the defendant appealed to this court. In the opinion written by STADTFELD, J., 127 Pa. Superior Ct. 501, 193 A. 484, we indicated that the primary question involved was whether, under certain uncontroverted facts appearing from the record, the Maryland divorce decree was entitled to full faith and credit in the courts of this state

under the Constitution of the United States, Const. PS Art. IV §1.

These material and undisputed facts are of record: The parties, while residents of Maryland, were married in Baltimore on April 30, 1902, and lived there as husband and wife for thirteen years. In 1915 the relator deserted her husband (whether maliciously or with just cause is not now material) and took up her residence in this state in the City of Philadelphia. During the nineteen years intervening between 1915 and 1934 the defendant divided his time between the home of his sister and brother-in-law in Catonsville, Maryland, and Philadelphia, where he established a commission fish business. In August, 1934, he applied for a divorce in the Circuit Court for Baltimore County, Maryland, giving his sister's home in Catonsville as his "residence." The only notice or knowledge the relator had of the divorce proceedings in Maryland was constructive notice by publication. Subsequent to the granting of the decree defendant married a Mrs. Hollis in Frederick, Maryland.

As Maryland was the only "state in which the spouses were domiciled together as man and wife," there can be no question that it was their "matrimonial domicile." The entering of the decree necessarily involved a finding by the Maryland court that the libellant-husband (defendant here) was still domiciled in Maryland when he filed his libel. In our former opinion we held, for the reasons there fully stated, that the court below erred in refusing to give full faith and credit to the Maryland decree, even though it appeared from the record, offered and admitted in evidence, that the respondent-wife (relator in the present proceeding) had only constructive notice of the divorce proceedings. That decree was founded not alone upon a finding that the libellant was domiciled in Maryland, as was the situation in *Haddock v. Haddock*, 201 U. S. 562, 50 L. ed. 867, 26 S. Ct. 525, but also upon the fact, conceded

in the present proceedings, that Maryland was the matrimonial domicile of the parties—a fact which brings this case within the ruling of *Atherton v. Atherton*, 181 U. S. 155, 45 L. ed. 794, 21 S. Ct. 544.

As it was asserted, in effect, during the argument of the former appeal that the defendant had imposed upon the Maryland court by representing that he had been domiciled in that state during the requisite period of time, whereas he had, in fact, established a new residence in Pennsylvania with domiciliary intent, we pointed out that, as the present relator had merely constructive notice of the divorce proceedings and had not appeared therein, the way was open for her to attack, in a proper forum, the validity of the decree if she could carry, by competent evidence, the burden of proving the present defendant had changed his domicile to Pennsylvania prior to filing his libel. We also stated the decree was presumed to be valid and the burden was clearly upon the relator to establish the fact that the defendant was domiciled in Pennsylvania when he instituted the divorce proceedings, or such other facts as would negative the jurisdiction of the Maryland court. With relation to the evidence introduced at the first hearing in the court below, for the purpose of showing a change of domicile by the defendant, we held it insufficient to rebut the presumption arising from the rendition of the Maryland decree.

Our original order of July 15, 1937, merely reversed the order of the court below and dismissed the petition for support. Thereupon, counsel for the relator filed a petition in this court setting forth, inter alia, that she had not been afforded an opportunity to present all of her evidence indicating that the defendant "was in fact a resident of Pennsylvania and domiciled [there] at the time of the institution of his divorce action in the State of Maryland." The prayer of the petition was that this court "reconsider the order or decree and modify the opinion by awarding a procedendo or dismissing the

petition without prejudice to the petitioner's right to present in the Municipal Court of Philadelphia another petition for support."

We did not grant that prayer, but entered a modified order under date of September 1, 1937, reading:

"The order of the court below is reversed and the petition for the order of support is dismissed, without prejudice, however, to the right of the relator to attack the validity of the decree in divorce entered by the Circuit Court of Baltimore County, Maryland."

As the matter was not then before us, we did not undertake to decide whether the Maryland decree could be *collaterally* attacked in Pennsylvania upon the ground that the defendant was not domiciled in Maryland when he filed his libel, and the Maryland court, therefore, lacked jurisdiction.

All we did, or intended to do, was to keep the case in such shape that if the relator desired to attack the decree, either collaterally or directly, the defendant would not be in position to plead that all matters relative to the charge of bad faith in obtaining the decree and concerning the actual domicile of the defendant had become res judicata against her by reason of the proceedings in the municipal court and in this court.

Upon the assumption that the decree could be collaterally attacked in this state, the relator filed in the municipal court on November 30, 1937, a new petition for support. When the matter came on for hearing before LEWIS, J., the decree in divorce was again pleaded by counsel for defendant and the relator undertook to attack its validity by the introduction of evidence largely of the same character as, and merely cumulative to, that introduced at the former hearing upon the issue of defendant's domicile.

Upon this evidence LEWIS, J. reinstated, on March 16, 1938, the order of payment of $7 per week and the present appeal by the defendant followed.

Bearing in mind in this connection that "residence,"

within the meaning of divorce statutes, is "a permanent one with domiciliary intent"; that "domicile" is a matter of intention; that a domicile once acquired is presumed to continue until another has been established by actual residence, coupled with an intention of abandoning the former domicile; and that "this change must be animo et facto, and the burden of proof is on the party which asserts the change" *(Huston v. Huston,* 130 Pa. Superior Ct. 501, and authorities at pp. 508 and 509, 197 A. 774); we are not convinced by our review of the evidence that it does anything more than raise a doubt concerning the good faith and actual domicile of the defendant.

Under the view we take of the evidence, it is unnecessary to decide the interesting question of law whether this decree could be collaterally attacked in Pennsylvania upon the ground that the Maryland court did not have jurisdiction over the parties, by adducing clear proof that, although they had a matrimonial domicile at one time in Maryland, the libellant was not domiciled there when the proceedings were instituted.

It may be proper to note, however, that the case of *Thompson v. Thompson,* 226 U. S. 551, 57 L. ed. 347, 33 S. Ct. 129, cited by counsel for appellant as "flatly" sustaining the proposition that a decree in divorce rendered "in the state of matrimonial domicile is not subject to collateral attack in any other jurisdiction," does not go that far. The ground of attack there was not that the libellant was not *domiciled* in the granting state, but merely that the affidavit relative to the non-residence of the wife-respondent was not in proper form to support an order for publication. There is a clear distinction between a collateral attack upon a ground essential to the exercise of jurisdiction, such as that the libellant be domiciled within the state, and one relating merely to procedure.

In *Thompson v. Thompson,* supra, the wife sued in the District of Columbia for support. After this suit was started, the husband sued in Virginia for divorce

a mensa et thoro, service on the wife being by publication, and obtained a decree which he set up as a bar to the wife's action and which the trial court of the District of Columbia held invalid and made an order against the husband. The Court of Appeals of the District of Columbia reversed and the U. S. Supreme Court affirmed the decision of the court of appeals, holding the Virginia decree, rendered by a state which was both the matrimonial domicile and the domicile of the husband, was entitled to full faith and credit.

Mr. Justice PITNEY stated (page 562) : "In the present case it appears that the parties were married in the State of Virginia, and had a matrimonial domicile there, and not in the District of Columbia or elsewhere. *The husband had his actual domicile in that State at all times until and after the conclusion of the litigation.*" (Italics supplied).

The court then went on to hold that the Virginia decree could not be collaterally attacked on the ground that the affidavit used as a basis for publication in the Virginia suit was made upon information and belief rather than upon personal knowledge.

Under all the circumstances appearing from this record, we deem it inadvisable to hold that the municipal court had jurisdiction to proceed to a determination upon the merits, after proof had been made before it of the granting of the divorce by the Maryland court.

Some of the reasons leading us to this conclusion are: the remarriage of the defendant; the long delay upon the part of relator in demanding support from defendant; her assertion that the *Maryland court* was imposed upon by the false representation of the defendant that relator's whereabouts were unknown to him; and her charge that the defendant practiced a fraud upon *that court* by falsely testifying he was domiciled in that state.

In our opinion, these matters should be litigated in a *direct* attack upon the decree in the court which

entered it. Upon this record, as it now stands, we think it should be given full faith and credit in our courts.

The order of March 16, 1938, is reversed without prejudice to the right of relator to attack in the Circuit Court for Baltimore County, Maryland, the validity of the decree of divorce therein granted.