(No. 25805.—

E. J. COFFEY, Appellant, *vs.* THE BOARD OF ELECTION
COMMISSIONERS OF EAST ST. LOUIS, Appellee.

*Opinion filed Dec. 12, 1940—Rehearing denied February 12, 1941.*

H. GRADY VIEN, (JAMES J. HICKEY, of counsel,) for
appellant.

R. W. Ropiequet, (Hugh Parker, Homer W. Hall, John J. Driscoll, Cassius M. Doty, Robert L. Taylor, Colfax T. Martin, Jerry A. Harn, Eugene R. Johnson, B. J. Knight, W. Edgar Sampson, and Walter F. Dodd, of counsel,) for appellee.

Mr. Justice Wilson delivered the opinion of the court:

E. J. Coffey, on March 11, 1940, personally requested the board of election commissioners of East St. Louis to register him as a voter from precinct No. 38 of the city. Upon a hearing, the board refused his application. Subsequently, on April 4, 1940, he filed a petition in the county court of St. Clair county seeking an order directing the commissioners to register him as a qualified voter. From the order adjudging that his name should not be placed upon the registry of precinct No. 38, Coffey prosecutes this appeal.

The appellant, Coffey, is engaged in business in East St. Louis and also manages a coal company in St. Louis, Missouri. From his testimony it appears that he moved into precinct No. 38 in 1906, and, during the twenty-four years prior to 1936, resided with his family, consisting of his wife and their children, in a house at 436 North Eleventh street owned by him since 1918; that in June, 1936, he moved to and has since occupied a home purchased on Robyn Road, Webster Groves, in St. Louis county, Missouri, and that he moved primarily to place a son and a daughter in Washington University and Maryville College, respectively, and two younger sons in the St. Louis University High School. A married son, a widower, and a widowed daughter have occupied appellant's house in East St. Louis for approximately four years. He testified that he carried a key to the house, enjoying the privilege of staying whenever he so desired, and that although he did not actually live in the house he had been in it several times since moving to St. Louis county. Appellant claimed his residence to be 436 North Eleventh street, East St. Louis, and when asked

whether he intended to return there, replied, "Yes or maintain an address in Illinois." He testified further that he consulted attorneys in Illinois and Missouri with respect to retaining his residence in Illinois, and that he thought he told them he intended to return to East St. Louis when his children had completed their education. Additional testimony discloses that an annual report of the Coffey-Schreiber Tire and Gasoline Company to the Secretary of State of Illinois, dated January 15, 1940, and verified by appellant, designates his address as secretary, treasurer and director, as "Box 330, R. R. 6, Webster Groves, Mo."

The sole issue for decision is whether appellant in March, 1940, was a resident of East St. Louis entitled to register as a voter. Unless he satisfied the applicable requirements of residence in Illinois one year, in St. Clair county ninety days, and in precinct No. 38 of East St. Louis thirty days next preceding any election therein, appellant was not entitled to be registered. It is established that a permanent abode is necessary to constitute a residence within the contemplation of the pertinent constitutional and statutory provisions. (*Pope* v. *Board of Election Comrs.* 370 Ill. 196.) A real and not an imaginary abode occupied as his home or dwelling, we have held, is essential to satisfy the residential qualifications prescribed by law. In particular, a voter must show a place of residence or permanent abode for the requisite statutory period in the precinct in which he seeks to vote, which he has not abandoned but occupies as an abode, or to which he intends to return. A residence, for voting purposes, is not lost by temporary removal with the intention to return, but when one abandons his home and takes up his residence in another county or State he loses his privilege of voting in the precinct from which he moved. (*Park* v. *Hood*, 374 Ill. 36; *Pope* v. *Board of Election Comrs. supra.*) Although appellant was competent to testify as to his intention, the question of residence being largely one of intention, his testimony is not necessarily con-

clusive. *Park* v. *Hood, supra; Bullman* v. *Cooper,* 362 Ill. 469; *Kreitz* v. *Behrensmeyer,* 125 id. 141.

Application of the foregoing firmly settled principles compels the conclusion that appellant's place of abode is and for more than three years has been in Missouri and not at the house which he still owns in East St. Louis and now occupied as a residence by two of his married children and their families. Admittedly, appellant has extensive business interests in East St. Louis but it does not follow that, for purposes of registration or voting, he has a place of residence in the Illinois city which he now occupies as an abode or to which he intends to return and occupy as a dwelling. As we observed in *Pope* v. *Board of Election Commissioners, supra,* proof that appellant's domicile had been retained in East St. Louis would be insufficient to enable him to register and vote for the elemental reason that domicile and residence are not synonymous. Our attention is directed to minor factual differences between the *Pope case* and the case at bar, among others, that Pope sought to register from his law office and not from a residence, located in a residential neighborhood, owned by him and actually occupied by members of his own immediate family, as here. The distinctions are without a substantial difference, the decisive fact remaining that the appellant did not himself reside in the dwelling from which he sought to register. His testimony concerning his intention to return to his house in East St. Louis after his younger children had been educated does not square with his acts. Fortifying the conclusion that the married children who live in the East St. Louis residence have been occupying it as their individual, independent homes and not as members of their father's family, is the fact that although both the son and daughter were married prior to 1936 neither lived in the house until the appellant established a residence in Missouri. The testimony of appellant to the effect that he "thought" he had informed his attorneys of his intention to return

after his children were educated and his additional statement that he claimed his residence to be East St. Louis, intending to return there or "maintain an address in Illinois," is far from convincing. The salutary provisions of the constitution, the general Election law, and the Permanent Registration act cannot be frustrated by permitting former residents of communities in this State to continue to vote in Illinois after establishing new residences or places of abode in other juridictions.

The order of the county court is affirmed.

*Order affirmed.*

FARTHING and MURPHY, JJ., dissenting.