STATE EX REL. FEREBEE, Appellant, vs. DILLETT, County
Judge, Respondent.

*April 8—May 5, 1942.*

*W. B. Ferebee* of Milwaukee, for the appellant.

For the respondent the cause was submitted on the brief of *Winter & Koehler* of Shawano.

FAIRCHILD, J.   The various steps taken by appellant were to secure a change of venue to Milwaukee county where petitioner had his residence and where his wife had lived until she left him because, as alleged, of his cruelty and ill-treatment.

The record brought up on appeal contains no return to the writ of *certiorari* although there is filed a purported transcript of the proceedings had before the county judge on the motion for change of venue.   This transcript was apparently certified by the clerk of the circuit court as part of the papers on file in his office in the case.   No bill of exceptions was settled.

*Mandamus* is a civil action and the proceedings therein are the same as those in other civil actions.   Secs. 293.01 and 293.02, Stats.   *State ex rel. Thompson v. Eggen* (1932), 206 Wis. 651, 659, 238 N. W. 404, 240 N. W. 839.   It therefore follows that in the absence of a bill of exceptions this

court is limited to a determination of whether the order is sustained by the pleadings and the findings. *Parke, Austin & Lipscomb, Inc., v. Sexauer* (1931), 204 Wis. 415, 417, 235 N. W. 785. No serious controversy of fact is raised, however, on this appeal; the issue being as to the conclusion to be drawn from the facts as found by the circuit court.

In the opinion the circuit court stated:

"In this case however it would appear that the only home which the plaintiff in this divorce action now knows is the home of her parents; that she intends to make it her home at all times unless and until she goes to school or gets a job. I am of the opinion that the county of Shawano is a proper county for the commencement of the divorce action."

Appellant's contention is that because of having an intention to remain in the city of Shawano "until she goes to school or gets a job" she does not have "an intention to remain permanently or for an indefinite period in Shawano county," and consequently did not acquire there a residence within the meaning of the venue statute.

We are of opinion that the findings of the trial judge support the order and that such order must therefore be affirmed. It is well settled that for divorce purposes a wife may obtain a residence of her own separate from that of her husband, *Craven v. Craven* (1871), 27 Wis. 418, at least in the instance of "permanent separation" of the parties, *Dutcher v. Dutcher* (1876), 39 Wis. 651, 658. Here the return of the county judge shows that plaintiff "for some time prior to the institution of the action for divorce . . . had left the defendant because of cruel and inhuman treatment, inflicted by the defendant upon the plaintiff," and it is therefore not necessary to determine whether under the venue statute, and in consideration of the provisions of sec. 6.015 (1), Stats., a wife has an absolute right to establish a separate residence. The only question presented by the facts before us is whether the intention is sufficient to establish Shawano as her resi-

dence. In so far as jurisdiction is concerned the residence contemplated by the statutes "must be actual and *bona fide; animo manendi.* No mere pretense of residence, no passing visit, no temporary presence, no assumption of residence here *pro hac vice* only, nothing short of actual abode here, with intention of permanent residence, will fill the letter or the spirit of the statute. [Citations.] The residence must be such as, continuing for a year, would make a man a qualified elector of the state." *Dutcher v. Dutcher, supra,* p. 658. Assuming that the venue statute requires a residence in this full meaning of the term, nevertheless, the element of intent required by such definition is satisfied in this case. The intention required need not be one to remain in a given place for all time, it is generally sufficient if the intent be to make presently the given location one's home even though one may have in mind the possibility of making a change should future events demand. *Frame v. Thormann* (1899), 102 Wis. 653, 667, 79 N. W. 39; *Dale v. Irwin* (1875), 78 Ill. 170; *Robinson v. Paxton* (1925), 210 Ky. 575, 276 S. W. 500; *Klutts v. Jones* (1916), 21 N. M. 720, 158 Pac. 490, L. R. A. 1917 A, 291; 17 Am. Jur. pp. 605, 606, §§ 24, 25; Kennan, Residence and Domicile (1934), pp. 256–259, 268–272, §§ 127, 134; Restatement, Conflict of Laws, p. 40, § 20, comment *b.*

*By the Court.*—Order affirmed.