**ARCADIA KNITTING MILLS, Inc. v. MINOWITZ.**

Civ. A. No. 2837.

District Court, E. D. Pennsylvania.

Sept. 10, 1943.

Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa., for plaintiff.

David Getz, of Allentown, Pa., for defendant.

KALODNER, District Judge.

This is a motion to dismiss a complaint in a civil action.

The jurisdiction claimed in the complaint is based upon diversity of citizenship. The jurisdictional averments are: (1) plaintiff is a New York corporation; (2) defendant is a citizen and resident of the State of Pennsylvania; and (3) the amount in controversy is in excess of $3,000.

Defendant moved to dismiss upon the ground, inter alia, that the defendant is a citizen of the State of New York; wherefore the jurisdictional requisite of diversity of citizenship is wanting.

Testimony was taken by way of depositions, and witnesses were produced on behalf of both plaintiff and defendant. In addition, the defendant's wife testified on his behalf at a hearing held before me on the date fixed for argument.

It appears clearly from the testimony that for some time prior to the filing of the complaint and the issue of the summons herein, that the defendant's wife and children lived in Brooklyn, New York, and have continued living there up to the present time. The plaintiff contends, however, that the defendant resided in Allentown, Pennsylvania, at the time the summons was issued. To buttress this assertion, the plaintiff refers to testimony in the record to the effect that although the defendant once lived in New York City with his family, nevertheless in 1928, when his em-

ployer (the plaintiff herein) moved its plant to Allentown, Pennsylvania, defendant moved to that city with his employer and brought his family with him; and that Allentown became the domicile of the defendant and his family until some time in 1933 or 1934 when the defendant left the plaintiff's employ.

The evidence shows that at that time, the defendant's wife and children moved back to Brooklyn and lived with the defendant's mother-in-law. After a lapse of some eight months the plaintiff re-employed the defendant. The plaintiff contends that at least from the time of the re-employment, the defendant's residence and domicile were in Allentown; the defendant's position is that, although he worked in Allentown, his home was in Brooklyn.

Subsequently the defendant's employment with Arcadia was once more severed, and later this suit followed.

The plaintiff contends that the defendant spent most of his time in Allentown, maintained a room there, gave an Allentown address when he applied for an automobile license and was owner or part owner of a bungalow in a suburban resort near Allentown.

The defendant asserts that his home was in Brooklyn with his wife and children; that the address given in his application for an automobile license was that of his employer, and that that address was used as a convenience; that he had to have a room in Allentown because he did spend some time there since his business was there; and that his ownership of a bungalow was in common with several other persons and did not constitute a residence. In addition, the defendant adduced the following evidence:

When he registered in accordance with the provisions of the Selective Service Law, 50 U.S.C.A. Appendix § 301 et seq., he gave the Brooklyn, New York, address as his home and remained under the jurisdiction of a Brooklyn draft board. Bills were rendered to him from public utilities addressed to the Brooklyn address, and he paid them. He produced rent receipts for the Brooklyn home issued to him and showing that he paid the rent. His income tax returns were made at the Brooklyn district. Moreover at the hearing held before me, his wife testified that the defendant's home was in Brooklyn with her; that he came to the Brooklyn home whenever business permitted (in February, 1942 the defendant established his own business in Allentown); that the greater part of the defendant's clothing, effects and possessions were in the Brooklyn home; and that any absence from the home was necessitated by business affairs.

In my opinion the testimony of the wife, the fact that the defendant stated Brooklyn to be his home when he registered for Selective Service, and his filing of his income tax returns in the Brooklyn District, are the most compelling features of the case.

Registration for Selective Service took place a considerable time before the defendant commenced his own business and before this complaint was filed. Any difficulty between the plaintiff and the defendant could not have been a factor in inducing the defendant to list his residence as Brooklyn when he registered if, in fact, his residence was elsewhere.

I am convinced that at the time the complaint was filed (November, 1942), the defendant was resident and domiciled in Brooklyn, N. Y.

Since the plaintiff is a New York corporation, no diversity of citizenship can exist, and the motion to dismiss must therefore be granted.

I make the following finding of fact: Both plaintiff and defendant are citizens of the State of New York, and were citizens of the State of New York at the time the summons and complaint in this action were filed.

I state the following conclusion of law: (1) This Court is without jurisdiction in this case in view of the absence of diversity of citizenship.

In accordance with the above I make the following order: And now, this 10th day of September, A. D. 1943, the defendant's motion is granted and the action is dismissed, plaintiff to pay the costs.