## KIDMAN v. KIDMAN.

No. 6811. Decided December 11, 1945. (164 P. 2d 201.)

See 27 C. J. S., Divorce, sec. 71; 17 Am. Jur., 277-8; 106 A. L. R., 9.

*H. L. Mulliner,* of Salt Lake City, for appellant.

*Dilworth Woolley,* of Manti, for respondent.

McDONOUGH, Justice.

This is an appeal from a decree of divorce and judgment for division of properties. Of the three assignments of error, only two will be discussed: (1) That the court had no authority to grant the divorce because plaintiff was not an actual bona fide resident of Sanpete County in which the action was brought, and (2) that there was no competent evidence of willful desertion by defendant to support a divorce on such ground.

The first recited assignment is grounded upon the provisions of Sec. 40-3-1, U. C. A. 1943, as amended by Chap. 46, Laws of 1943, whereby jurisdiction is conferred upon a district court to decree dissolution of the marriage contract

"where the plaintiff shall have been an actual and bona fide resident of this state and of the county where the action is brought for three months next prior to the commencement of the action."

We assume that being an "actual and bona fide resident" of a county comprehends the maintenance therein of something more than a mere "legal residence."

Respondent alleged that he was an actual bona fide resident of Sanpete County. This allegation was expressly admitted by answer. However, plaintiff's testimony as to his bona fide residence was somewhat meager. This sketchy testimony on the matter was apparently due to the fact that, in view of the admission contained in the answer, counsel assumed that there was no actual issue relative thereto. Had there been a controversy as to residence, a serious question might arise as to whether the allegations of bona fide residence in Sanpete County were sufficiently proved. Under the circumstances, the claim

of residence being admitted by answer, the testimony as to residence being undisputed, and the case being otherwise contested, we do not believe that the findings of the trial court that plaintiff was a resident of Sanpete County, should be disturbed.

Appellant contends that there was no satisfactory evidence of desertion to warrant a decree of divorce. One of the grounds of divorce in this state is:

"Willful desertion of the plaintiff by the defendant for more than one year." Sec. 40-3-1 (3), U. C. A. 1943, as amended.

The subject is discussed in *Speak* v. *Speak*, 81 Utah 423, 19 P. 2d 386, 387:

"What must be proved to establish desertion is stated as follows in 9 R. C. L. p. 355:

" 'To establish desertion three things must concur and must be proved; these are, cessation from cohabitation continued for the satutory period, intention in the mind of deserter not to resume cohabitation, and the absence of the other party's consent to the separation or misconduct on his or her part justifying the separation.'

" 'Willful' is defined in 9 R. C. L. p. 356:

" 'The term "willful" as so used has been held to mean "on purpose, intentional." * * * The word "willful" does not imply any malice or wrong toward the other party. Used in this connection it means absenting one's self from the society of the other spouse with the intention to continue to live apart in spite of the wishes of such other spouse and without any intention to return to cohabitation.'

"A party cannot make a separation, which was begun and prolonged by common consent, a ground for divorce where he has made no effort at a reconciliation. Such separation is deemed to be with the consent of both parties. * * * The complaining party must end the agreement by requesting a resumption of matrimonial cohabitation. * * *"

The following facts indicate that the separation in this case originally was by mutual consent, and such separation continued by mutual consent. The nature of plaintiff's employment necessitated considerable travel throughout different parts of the state. His employment with governmental agencies required him to maintain headquarters at

different places from time to time. While plaintiff was stationed at a place in Sanpete County, the defendant and their daughter Leona moved to Salt Lake City, where the daughter could engage in special studies in which she was interested. Plaintiff made no objection and it appears that his limited income made it highly desirable for his wife to obtain employment in 1934. Salt Lake City seemed to provide the best opportunities for employment for her during the depression. The wife and daughter lived in an apartment until 1937. During that time plaintiff sent money to pay the rent and sometimes additional sums. In 1937, plaintiff and defendant purchased a home in Salt Lake City. While they owned said home, plaintiff, who had to live in boarding houses the major part of the time, would visit said home over week ends. In 1940, they sold the home and the wife and daughter moved into an apartment again, where they continued to live until July, 1942. At that time defendant enrolled in the Army Ordnance School preparatory to accepting employment with the government for the duration of the war.

During the major part of her married life, defendant has been employed. Her earnings have aided in her own support and in the support and education of the daughter. During the 8 years in which the daughter attended school in Salt Lake City, defendant was almost continuously employed, and she contributed to the family expenses. Plaintiff sent sums varying from $40 to $100 per month, and he therefore did not contribute entirely to the support of the family, although his salary ranged from $1,800 to $2,600 per year. It appears that defendant was willing to work to help provide additional educational opportunities for the daughter, and that the continued employment of the wife was with the consent of the plaintiff. Plaintiff and defendant deposited funds in a joint bank account.

The foregoing facts certainly do not spell out a case of desertion. Respondent contends, however, that if the foregoing events do not amount to desertion, that defendant was guilty of desertion when she accepted a position with the

government for the duration of the war in July, 1942, by leaving the state. At the time in question there was a campaign to induce women to take certain jobs open to them in order to relieve men for military duty. As a condition to being so employed she had to enroll in the Army Ordnance School for a six weeks course. Before she enrolled she consulted plaintiff and asked him what he thought about it. She testified that he told her it was all right for her to take such course and accept such employment. His own testimony shows no conduct against his will nor any desertion on her part by either enrolling in such school or by leaving the state to accept the employment:

"She asked what I thought about her going down there and taking that position. I told here I was in no position to say anything about it. I knew nothing about the possibilities of the position or a thing about it. I was in no position to advise her one way or another, she would have to suit herself as to what she did."

He made no objection to her departure from the state. The general tone of his testimony permits of no conclusion other than that he acquiesced in her suggestion. He did not seem concerned about the fact that she might be away for the duration of the war, but only over the financial outlook. After her training was completed she returned to Salt Lake City in September, 1942, to report at Fort Douglas. She was assigned to duty outside of Utah. Plaintiff spoke to her on the telephone. He did not indicate that he even thought that she ought to be relieved of her assignment. At that time he offered to take her to Mt. Pleasant for a visit with her mother. He failed to keep the appointment, his explanation at the time of the trial being that he was unexpectedly called to Logan in connection with his employment.

After defendant went to her assigned post of duty in southern California, she and plaintiff corresponded. Nothing was mentioned in his letters which even inferred that she had deserted him. He sent her a birthday gift. In January, 1943, defendant obtained a furlough to come home to attend her daughter's wedding. The con-

versations between plaintiff and defendant on that occasion were cordial, and no suggestion was made that she would return. Obviously, their living apart was by mutual consent, and desertion could not be charged in consequence thereof, in view of the rule laid down in *Speak* v. *Speak*, supra. Not until the complaint was filed did plaintiff accuse his wife of desertion. At no time did he either invite her to return or make provision for her release from her wartime employment. The recited facts palpably do not evidence desertion.

The decree was predicated on a finding of willful desertion for more than one year. As shown, there was no evidence that desertion had ever occurred. It was, therefore, error to grant a decree of divorce. The judgment is, therefore, reversed, and the cause is remanded to the district court with directions to enter judgment in favor of appellant against respondent, "no cause of action." It is so ordered. Costs to appellant.

LARSON, C. J., and TURNER, WADE and WOLFE, JJ., concur.