363 P.2d 71

Byron C. MUNSEE, Plaintiff and Appellant,

v.

Edna MUNSEE, Defendant and Respondent.

No. 9351.

Supreme Court of Utah.

June 20, 1961.

Jed W. Shields, Robert S. Campbell, Jr., Salt Lake City, for appellant.

Boyden, Tibbals, Staten & Croft, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from dismissal of a divorce action and an ex parte order awarding custody of a child, issue of the marriage, to plaintiff. Remanded to proceed further. No costs awarded.

This case focuses attention on Title 30–3–1, Utah Code Annotated 1953, as amended,[1] which jurisdictionally requires a divorce plaintiff to be "an *actual* and bona fide resident" of the county and state for three

1. Chap. 45, Sec. 1, Laws of Utah 1955; see Pocket Supplement, 1959.

months before suit. We have toyed with this phrase,[2] but have had no case that actually has impelled us to meet it head on in construing the legislative language employed. Neither do we need meet it here for reasons hereinafter mentioned, leaving to the trial court, in an appropriate case, the initial interpretation of the phrase based on presented facts. Each case is determinable on its own particular facts.

Most jurisdictions do *not* have our "*actual* and bona fide" residence requirement. Many require only "domicil" which, in the oft-repeated language of the late Professor Joseph Beale, connotes a "home feeling" for a particular place. It becomes obvious, therefore, that our difficulty stems from the elusive word "actual," which the legislature chose to use without additional explanation. Our duty, then, is to read validity, constitutionality and sense into this word, if possible.

Firstly, the "home feeling" espoused by Professor Beale is an essential to Jurisdiction for divorce in this state, since we consider the phrase "bona fide residence" to be synonymous with "domicil." As to "actual residence," we do not consider the phrase to require a continuity of heart-beat within the jurisdiction throughout the three-month period by the person involved. Temporary absence would not destroy jurisdiction for that reason alone. But, as Justice McDonough said in Kidman v. Kidman, "actual residence" means something more than that "home feeling," or domicil. In supplementing Justice McDonough's suggestion, we like the language of Justice Epes, in Hiles v. Hiles,[3] where he stated that "The plaintiff need not have been physically present in Virginia every day during that period; but it is essential that, during such part of that year as he was absent from Virginia, he has actually maintained in good faith at least a locality somewhere in Virginia as his permanent abode." We think to satisfy the statute one must have some abode in the county to which he intends to return, and where, in doing so, he would be no trespasser.

More than one factor is necessary to meet the test. Absentee voting should be important, since to cast an absentee ballot, one must admit, and if necessary, swear, that he is a resident of a circumscribed area in a state, and presumably, therefore, has "actually maintained in good faith at least a locality somewhere in" the state. We caution that this circumstance is only presumptive and rebuttable. If one has been

---

2. Kidman v. Kidman, 1945, 109 Utah 81, 164 P.2d 201, 202, wherein we said that "We assume that being an 'actual and bona fide resident' of a county comprehends the maintenance therein of something more than a mere 'legal residence.'"

3. 164 Va. 131, 178 S.E. 913, 916, 106 A.L.R. 1.

called into the service and has rented a home he formerly physically occupied and to which he intends to return, this should be persuasive. If, for example, he were stationed in, or because of his employment was required to go to another state where income taxes were not imposable, the fact that he continued to pay income taxes in the state of his domicil is a fact that to a very considerable degree should be convincible that the individual was not only a domiciliary of the state to which he paid the tax, but was an "actual" resident thereof in a divorce matter. If he left his wife and children in the locality, having the animus revertendi and the animus manendi had he not been required to leave, these things should be important. If he had been born in the local forum and had left, perforce, for economic, military, political or any other reasons which impelled him to leave, this should be somewhat compelling. Directions as to the disposition of mail addressed to him should have some weight.

■ What we are trying to say is that whether a person is an "actual" resident on top of his domiciliarity, including, of course, his intention, is a factual matter determinable in the first instance at the trial court level. The conclusion would be subject to the usual principle that fact matters will be disturbed on appeal only where the fact finder has acted capriciously or arbitrarily, and where admissible, believable evidence does not support the findings.

The only reflection in this most sketchy record of any refutation that the plaintiff was an "actual" resident of Utah and Salt Lake County for the prescribed time were the following unsworn, sort of off-the-cuff statements of counsel for plaintiff, who said "It's a fact he didn't have any apartment * * * He was married at that time (when he was in the military service). He took the girl and they went to California. They did not have an apartment. Whether or not he had a key in his pocket that he could return to his mother's home, I don't know that * * * I would concede that * * * he *and his wife* did not maintain a residence, either rented, owned, or borrowed."

■ The above was lawyer talk. The facts related in plaintiff's brief on appeal make it perfectly apparent that there was considerable discussion between court and counsel that did not find its way into the printed record, and we think that, because of possible inadvertence in failing to get the true discussions and possibly vital stipulations in the official record, that the case should be remanded for further fact-finding in an appropriate proceeding that might be initiated by the court on its own motion or by counsel for either side, to determine those facts touching the question of "actual" residency.

Emphasis and parenthesis ours.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, Justice (concurring specially).

It seems to me that the term "actual and bona fide" as applied to the residence for the purpose of divorce under our statute need not be so inscrutable or mysterious if we set aside legal niceties and think in terms of the ordinary and usual understanding of the words as they would be used by our legislature. I say this in an awareness of the multifarious interpretations and applications of the words "residence" and "domicile" given by the courts under varying statutes, purposes and fact situations. See 37 Words & Phrases, p. 317 et seq.

Undoubtedly the phrase was intended to mean one's *real* residence,[1] as distinguished from a false, pretended or pseudo residence such as is sometimes adopted by divorce seekers in an effort to avoid unpleasant publicity on the home grounds; or to obtain other advantages such as making it difficult for the defendant to appear, or to effectively defend; or where it is thought that a more favorable judgment may be had in regard to property rights, alimony or children.

It is plainly apparent that our statutes in requiring residence for a divorce to be "actual and bona fide," means something more than mere residence as sometimes understood.[2] It would seem to mean "residence" with the intent that it be one's home or domicile.[3] But even under that restrictive requirement, everyone should be entitled to have such a residence somewhere. This is so however frail or unsubstantial what one considers his residence may be; and it is likewise so even though he may not be able to be constantly present physically at that place. E. g., a soldier, sailor, or a person in foreign service, though required to be afar, may have an actual and bona fide residence for such purpose at the place he so intends and regards as his home, if the facts so constituting residence exist.

It is evident that it is because the matter of one's intention is so subjective and changeable that our statutes require the residence to be both actual and bona fide. It is essential that one have not only the intent but there must be some physical manifestation of it. He must have some definite place where he can "hang his hat" which he intends to be and regards as his residence and home; and that he have no other such place. But the basis for so finding need not be limited exclusively to any particular fact or facts.

A number of circumstances may bear upon the problem, such as that the place in question is where: one was born; and/or

1. See State ex rel. Laughlin v. Washington State Bar Ass'n, 1947, 26 Wash.2d 914, 176 P.2d 301, 309.
2. See Kidman v. Kidman, 1945, 109 Utah 81, 164 P.2d 201.

3. See statement in Commonwealth ex rel. Cronhardt v. Cronhardt, 1939, 135 Pa. Super. 117, 4 A.2d 589, 591.

spent his childhood; attended school; either lives or has lived and has a place to return to; that he owns or rents the place; that he has free access to it; that his parents, or his own family are there; that his children attend public school there; that he receives mail; is employed; operates a business; is registered for selective service there; that his driver's license or automobile title or registration, or other personal credentials bear that as his home address; or that he pays income taxes there; or that he votes there, even though by absentee ballot.[4] Although each of these and perhaps other factors may be considered in making the determination, it does not follow that the presence of any one of them alone would compel a finding of such residence; and similarly, the absence of any one or more of them would not necessarily preclude such a finding.

I agree that the question as to whether a party has an actual and bona fide residence is a question of fact which it is the prerogative of the trial court to determine. In doing so it is his responsibility to consider all of the pertinent facts and circumstances. In order to justify a finding of such residence there must be the party's declared intent, together with some other overt indications which associate or connect him with an actual place of residence, such as one or more of the factors listed above. If so, and the court is persuaded that such residence is proved, his finding cannot be disturbed. On the other hand, if the court refuses to so believe, even though some of such factors be present, his ruling can be overturned only if the evidence is so credible and persuasive that all reasonable minds would conclude otherwise.

But the court's prerogative of determining the facts is subject to the condition that they should be determined under correct principles of law. When the court indicates an erroneous legal concept as a basis for the determination, so that it appears that if he had the correct one in mind the determination may have been otherwise, the finding should not be permitted to stand. For this reason I concur in the order remanding the case for a further hearing on the question of residence. But I think it should be in the light of the principles above-stated.

4. For examples of such factors that may be so considered see: Succession of Purdy v. Klock, 1934, 179 La. 902, 155 So. 394 (where one lives); Cline v. Knight, 1943, 111 Colo. 8, 137 P.2d 680, 146 A.L.R. 1281 (where one's children attend school); Coffey v. Board of Election Commissioners, 1940, 375 Ill. 385, 31 N.E.2d 588 (where one receives mail); Hall v. Hall, 1870, 25 Wis. 600 (where one pays taxes); State ex rel. Ferebee v. Dillett, 1942, 240 Wis. 465, 3 N.W.2d 699 (where one votes); State ex rel. Taubman v. Davis, 1918, 199 Mo.App. 439, 203 S.W. 654 (where one operates a business); Arcadia Knitting Mills v. Minowitz, D.C.E.D.Penn.1943, 51 F.Supp. 601 (where one is registered for selective service).