IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Scott Kenneth Steel, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20110241-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (February 24, 2012) |
| Maria De Lourdes Steel, | ) | |
| | ) | 2012 UT App 51 |
| Respondent and Appellee. | ) | |

-----

Third District, Salt Lake Department, 094905472
The Honorable Sandra N. Peuler

Attorneys:     Jeffrey C. Howe, Salt Lake City, for Appellant
               Maria de Lourdes Steel, Veracruz, Mexico, Appellee Pro Se

-----

Before Judges Orme, Davis, and Thorne.

¶1     Scott Kenneth Steel (Husband) appeals the district court's dismissal of a divorce petition without prejudice. Maria De Lourdes Steel (Wife) filed a motion to dismiss in the district court, and Husband failed to file a response. The district court dismissed the case without prejudice based upon the lack of response and further ruled that it lacked jurisdiction to determine child custody and related issues.

¶2     On December 21, 2009, Husband filed a pro se verified petition alleging therein that "Petitioner and/or the Respondent are bona fide residents of Salt Lake County, State of Utah and have been for at least three months immediately prior to the filing of this action." Husband's petition also alleged that Utah had jurisdiction to determine child custody and related issues, alleging that the child had not lived in another state for a period of six months and that no other state met the requirements under Utah Code

section 78B-13-201(1)(a), (b), or (c), so Utah has jurisdiction under Utah section 78B-13-201(1)(d). *See* Utah Code Ann. § 78B-13-201(1) (2008).

¶3     In February 2010, Wife filed a letter in the district court, in which she stated that Husband resided in Mexico from January 1, 2008, through October 28, 2008, after which he left Wife and the parties' son in Mexico and moved back to the United States. The letter also disputed substantive allegations made in the petition. In March 2010, Husband attempted to file an amended petition, in which he alleged that he "is a bona fide and actual resident of Salt Lake County, State of Utah, and has been for more than three months immediately prior to the commencement of this action" and also that Wife "is a resident of Salt Lake County, State of Utah, and has been for more than three months immediately prior to the commencement of this action."[1] In July 2010, Husband filed an affidavit stating that he "was a resident of Salt Lake County, State of Utah, for three months immediately prior to filing [his] Verified Divorce Petition on November 3rd, 2008," although no petition was filed on that date. On the same day, Husband filed an affidavit in support of his motion to waive the divorce education requirement stating that Husband was "on active duty with the United States Army and therefore [was] unable to attend the classes" and that Wife resided in Mexico. In August 2010, Husband filed another affidavit, which alleged that he "was a resident of Salt Lake County, State of Utah, for three months immediately prior to filing my Verified Divorce Petition on November 3rd, 2008," which was over a year before any petition was filed in the underlying case.

¶4     On December 14, 2010, Wife filed a pro se motion to dismiss the divorce petition for "lack of jurisdiction under rule of residency and filing requirements in order to file for a divorce in Utah." The motion alleged that Wife had been "living in Mexico for the past two years with [her] four year old son" and that she and Husband left the United States on December 27, 2007, intending to move to Mexico, and arrived in Veracruz, Mexico on January 1, 2008. They lived together for ten months, after which Husband "decided to come back to Salt Lake City, where he file[d] for divorce right before he moved from Utah to North Carolina, where he has been residing for the last [eleven] months." The motion to dismiss stated, "[f]or the reason that neither of us is a current resident of Utah, I request that the Court dismiss, without prejudice the petition for

---

[1]In August 2010, the district court ruled that Husband had not obtained leave of court to file an amended petition after Wife had filed an answer to the original petition.

divorce."  In a supporting affidavit, Wife stated that (1) she and the parties' son had lived in Veracruz, Mexico, for the last two years; (2) Husband left Mexico in October 2008 to come to Salt Lake City to work and send money back to her and their son; (3) Husband filed for divorce in Utah in December 2009; (4) Husband has provided no financial support since February 2010; and (5) Wife intends to file a divorce petition in Veracruz, Mexico.  Husband did not file a response to Wife's motion to dismiss.  The district court dismissed the petition without prejudice, stating that Husband had failed to file a response and that "[i]t also appears that neither party resides in Utah and that Utah lacks jurisdiction to determine child issues."

¶5      "Generally, the determination of residency for divorce purposes is a mixed question of law and fact."  *Bustamonte v. Bustamonte*, 645 P.2d 40, 43 (Utah 1982).  Utah Code section 30-3-1(2) states that the district court "may decree a dissolution of the marriage contract . . . in all cases where the petitioner or respondent has been an actual and bona fide resident of this state and of the county where the action is brought . . . for three months next prior to the commencement of the action."  Utah Code Ann. § 30-3-1(2) (2007).  In *Munsee v. Munsee*, 12 Utah 2d 83, 363 P.2d 71 (1961), the Utah Supreme Court concluded that in order to satisfy the statutory requirement that a party is an actual and bona fide resident, "one must have some abode in the county to which he intends to return, and where, in doing so, he would be no trespasser."  *Id.* at 72.  Residency for divorce purposes has been examined "in light of such factors as voting, owning property, paying taxes, maintaining a mailing address, working or operating a business, and having children attend school in the forum."  *In re Adoption of Baby B.*, 2012 UT 8, ¶ 88.  "More than one factor is necessary to meet the test."  *Munsee*, 363 P.2d at 72.  Absentee voting would be important evidence and "[i]f one has been called into the service and has rented a home he formerly physically occupied and to which he intends to return, this should be persuasive."  *Id.* at 72-73.  If a person "had been born in the local forum and had left . . . for economic, military, political or any other reasons which impelled him to leave, this should be somewhat compelling."  *Id.* at 73.

¶6      The district court record does not contain any factual findings supporting Husband's bare allegation of actual and bona fide residence in Salt Lake County for three months prior to filing the divorce petition.  Husband's own affidavits in this case are inconsistent as concerns the dates of his alleged Utah residence.  Although Wife's motion to dismiss specifically disputed Husband's satisfaction of the residency requirement, he did not file a response to that motion.  Husband argues that the only

requirement for jurisdiction was his alleged residence in Utah for three months prior to filing for divorce and that "there is no indication in relevant case law or statute that requires that the parties of a divorce remain residents of the State of Utah throughout the duration of the divorce proceedings." Husband undertakes no analysis of that statutory or case law. Furthermore, his argument presumes that the conclusory allegation of actual and bona fide residence was accepted as true and was adopted by the district court. Finally, Wife's motion to dismiss the divorce petition placed issues regarding his satisfaction of the jurisdictional prerequisites squarely before the district court, but Husband failed to respond.

¶7 Because we affirm the dismissal of the petition without prejudice based upon Husband's failure to respond to the motion to dismiss by demonstrating a factual basis for his claim of actual and bona fide Utah residence, it is unnecessary to consider whether Utah would have jurisdiction to determine child custody and related issues under Utah Code section 78B-13-201(1). *See* Utah Code Ann. § 78B-13-201(1) (2008); *see also id.* § 78B-13-105(1) ("A court of this state shall treat a foreign country as a state of the United States for purposes of applying . . . Part 2, Jurisdiction.").

¶8 Affirmed.

_____
Gregory K. Orme, Judge


_____
James Z. Davis, Judge


_____
William A. Thorne Jr., Judge