## GAUDE vs. BAUDOIN.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT.

The formalities required in a will, are matters of strict law, and it is null if they are not complied with.

If a will under private signature be signed in the presence of three witnesses and on the next day a supplement is made to the original, signed by the testator and five witnesses, the first proceeding will be laid out of view, and the last considered as legalizing the whole instrument.

A foreigner not naturalized, who is *residing* in the parish, has been some years in the United States, and has no *other domicil* in the state, is a competent witness to a will.

The plaintiffs are the collateral relations, and claim to be the heirs, and legal representatives of their deceased brother Hypolite Gaudé, who died in the parish of Lafourche, without leaving ascendants or decendants; they allege that Eulalie Baudoin, widow of the deceased, is in possession and claims his succession, estimated at about six thousand dollars, as his testamentary heir under a nuncupative will, which they allege is null and void for the following reasons:

1st Because it was not written or dictated by the deceased, but was written or caused to be written by the relations of the instituted heir who were interested, and it was signed at a moment when the deceased was not in the possession of his proper faculties.

2d. Because said instrument is only attested by three witnesses.

3d. That the supplement to said will by which its imperfections are attempted to be cured, is defective, because not written, caused to be written or dictated by the deceased, but was caused to be written and prepared by a relation of the testamentary heir, who was interested, and signed by the testator, when his mind was infeebled and deranged by desease.

4th. Because one of the witnesses to said supplemental will had no legal residence in the parish.

5th. Because two others are incompetent on the score of interest; the plaintiffs pray that the defendent be cited, and that on proof of any of the facts alleged that the will be declared null and void.

A copy of the will is annexed to the petition. It is dated the 7th of November, 1832, and is a private act, signed by the testator and three witnesses, residing in the parish. On the 8th of November, the next day a supplement to the original will reciting and conforming its authority and validity was drawn up at the foot of it, and signed by the testator and five witnesses, residing in the parish. They state they found the testator sick in bed, but of sound mind. The will thus made and executed, was duly admitted to probate.

The testimony shows that one of the withnesses is a native of France, not naturalized, and came to Louisiana eleven years ago; his occupation is that of a teacher in private families, and was residing in the parish in this capacity, when he attested the will.

This district judge was of opinion the formalities of the law were complied with, and that the will was valid. He gave judgment for the defendant.

The plaintiff appealed.

*Wheeler* and *Taylor*, for the plaintiff.

1. A nuncupative testament under private signature, must be written by the testator, or be caused to be written by him, and the fact must appear on the face of the instrument

EASTERN DIS.
June, 1834.

GAUDE ET ALS.
vs.
BAUDOIN.

or the will is null, as it cannot be proved by parole evidence. *La. Code* 1568, 1574, 2256.

2. The instrument purporting to be a testament and dated on the 7th of November 1832, was signed by but three witnesses, when more might have been procured, as is evident from the attempt to give it validity on the following day. *La. Code* 1576. 1 *Mar. N. S.* 488.

3. The instrument executed on the 8th of November, (the following day) is not a will or testament in itself, as it contains no disposition of any property, nor does it form part of the one executed the day before. If it be any thing, it is to be looked on as a recognition or confirmative act, and can have no force or effect because it does not contain the substance of the disposition of the property, or make mention of the defect in the previous one and the intention of remedying it. *La. Code* 2252.

4. One witness to the instrument executed on the 8th of November was a foreigner not naturalized and without the legal residence. Without him the number required by law is not complete, since it is not shown that more could not be procured. *La. Code* 1587, 1576, 42. *Moreau's Digest* 2d vol. 308, 309.

5. The formalities required in a will are matters of strict law and it is null if they are not complied with.

*Nicholls* and *McAllister*, for appellee.

1. The will is clothed with all the formalities required by law.

2. Three witnesses are sufficient in the country if a greater number could not be procured. *C. Code art.* 1576. 12 *Martin* 503.

3. More than three subscribing witnesses could not be procured on the emergency of executing the will before dissolution.

4. The witness objected to was competent as he resided in the parish.

BULLARD, J., delivered the opinion of the court.

This suit was instituted by the collateral heirs of one Gaudé to annul a testament by which he bequeathed to the defendant, his widow, the whole of his estate. The testament was declared valid by the District Court, and the plaintiff appealed.

The appellants rely in this court on the following points:

1. That a nuncupative testament under private signature must be written by the testator or caused to be written by him and that fact must appear on the face of the instrument under pain of nullity. *La. Code*, 1568, 1574, 2256.

2. The instrument purporting to be a testament dated on the 7th of November, was signed only by three witnesses when more might have been procured. *La. Code*, 1576, 1 *N. S.* 488.

3. The instrument executed on the 8th November is not a testament as it contains no disposition of property, nor does it form part of the one executed the day before. That it is to be regarded merely as confirmative and can have no effect. *La. Code* 2252.

4. One witness to the instrument executed on the 8th was a foreigner, not naturalized and without legal residence; without him the number required by law is not complete, since it is not shown that more could not be found. *La. Code* 1587, 1576.

5. The formalities required in a will are matters of strict law and it is null if they are not complied with.

*The formalities required in a will are matters of strict law, and it is null if they are not complied with.*

Assuming this last proposition as one of undoubted truth in our jurisprudence, one which this court has uniformly recognized, we proceed to examine the 3d and 4th points, because the opinion which we have formed on these will render it unnecessary to consider the others.

The will which the plaintiffs seek to annul purports to be a nuncupative testament under private signature, and its validity will depend on the question whether the formalities required for that class of wills have been complied with. The

second clause of this kind of the 1574th article of the Code which treats of this kind of wills, declares that "it will suffice if in the presence of the same number of witnesses the testator presents the paper on which he has written his testament or caused it to be written out of their presence, declaring to them that that paper contains his last will." The last article provides that, "in either case the testament must be read by the testator to the witnesses, or by one of the witnesses to the rest in presence of the testator; it must be signed by the testator if he knows how or is able to sign, and by the witnesses or at least two of them, in case the others know not how to sign, and those who do not know how to sign, must affix their mark. This testament requires no other formality than those prescribed by this and the preceding article."

*If a will under private signature be signed in the presence of three witnesses and on the next day a supplement is made to the original signed by the testator and five witnesses, the first proceeding will be laid out of view, and the last considered as legalizing the whole instrument.*

The proceedings which took place on the 7th of November may be laid entirely out of view. If on that occasion a sufficient number of witnesses was not present and some other solemnities required for a nuncupative testament were not observed, it is not easy to perceive how they could vitiate what took place on the eighth. We think the maxim of law strictly applicable *"utile per inutile non vitiatur* and the doings of the seventh must be considered as not written. On the following day five persons, who appear to be competent witnesses, assembled at the house of the testator whom they found of sound mind though sick and in bed. In their certificate of what was done and said on the occasion which is on the same paper containing the testamentary dispositions, they go on to say; we give the words of the original. "Et là étant tous les cinq témoins, le dit Gaudé nous a presenté ce papier, qui nous a-t-il dit, contient son testament et ses dernieres volantés, sur quoi moi Frederick Blanc un des dits témoins ai lu au dit testateur et aux autres témoins ce que est écrit ci-dessus et de l'autre part, apres laquelle lecture le dit testateur a declaré que ce que je venais de lui lire contenait bien ses dernieres volontés et que la signature ci-dessus était lasienne, faité au presence de trois témoins qui ont aussi signé ci-dessus. En fui de quoi nous avons signe en la chambre susdite avec le dit testateur et en sa presence, apres nouvelle

lecture faite." The will is then signed by the testator again
and the five witnesses, three of whom had signed the same paper with the testator the preceding day.

It appears therefore, that in strict and literal compliance with the articles of the Code above recited, this testament was produced to the five witnesses, declared to be the will of the testator by himself, read over twice in his presence and in presence of the witnesses by one of them and signed by the testator and the witnesses.

But it is urged that one of the witnesses was incompetant, that he was a foreigner not naturalized in the country and without legal residence. It appears that he was a tutor in a private family, actually residing at the time in the parish where the will was made; that he had been living there some months with the intention to continue there at least until the end of the year, and that he had been some years in the United States. It is clear from the evidence that the witness did not reside out of the parish, and had no other domicil in the state. We think that sufficient and that he was a competent witness.

*A foreigner not naturalized, who is* residing *in the parish, has been some years in the United States, and has no other domicil in the State, is a competent witness to a will.*

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the District Court be affirmed with costs.