State of Louisiana ex rel. Egan, Attorney General, vs. Steele.

Rehearing refused.

## No. 8290.

THE STATE OF LOUISIANA EX REL. J. C. EGAN, ATTORNEY GENERAL, VS. HIRAM R. STEELE.

An action brought against a District Attorney to have his office declared vacant, on the ground that he has changed his residence and has none in the State, is a suit against him in his personal capacity, and not in his official character, in as much as he is alleged to have ceased to be district attorney. The suit must, therefore, be brought in the parish in which he resides or .resided last, under the provisions of the Code of Practice, and cannot be brought indifferently in either of the parishes composing the district of the office.

APPEAL from the Ninth Judicial District Court, parish of Concordia. *Hough, J.*

J. C. *Egan,* Attorney General, Relator and Appellant:

First—The Art. of the C. P. in reference to suing one at his domicil can have no application to a proceeding against a District Attorney to remove him from office because he is a non-resident.

Second—The question of domicil is the sole question in the case upon its merits, and, therefore, can only be tried upon answer, giving the State as well as the defendant an opportunity to produce evidence.

*Spencer & White* and *Kennard, Howe & Prentiss* for Defendant and Appellee:

First—The petition avers that the defendant was domiciled in Tensas within the year—the suit being brought in Concordia.

Second—The plea to jurisdiction was good on the face of the papers. No domicil in Concordia being alleged but one in Tensas, within the year, the court of the latter parish was the one having jurisdiction.

Third—Averring that the defendant had been within the year domiciled in Tensas, and was now a citizen of Mississippi, did not authorize citation on the defendant in Concordia. First, because under C. P. 167, "if the defendant change his domicil, he must be cited in the parish where he has resided within the last year." * * * ' 6 N. S. 467; Williams vs. Henderson, 19 La..561; Winter Iron Works vs. Toy, 12 An. 200; 15 An. 533; 23 An. 516; Ibidem, 564. Second, because the domicil in Tensas within the year having been averred, the presumption that it continued exists. 11 La. 178; 2 La. 946; 7 An. 395; 9 An. 165.

Fourth—The bringing of the suit in Concordia is a decision of the case by the plaintiff in his own favor.

Fifth—Aside from the face of the papers the proof establishes the correctness of the exception.

Sixth—The plaintiff admits that the defendant has not been absent from or neglected his duties, and that he is in all respect an honest and efficient officer.

Seventh—The plea to the jurisdiction was properly filed *in limine*, as a declinatory exception.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is a proceeding before the District Court for Concordia parish, to have the office of District Attorney of the Ninth Judicial District, composed of the parishes of Concordia and Tensas, declared vacant.

The ground relied on is, that the defendant who, at the time of his election, resided in Tensas parish, has changed his residence from the State to Natchez, Miss., and that the office has thereby been vacated.

The defendant excepted to the jurisdiction of the Court, on the ground that his domicil being in Tensas parish, the suit should have been brought before the District Court in that parish, which alone has jurisdiction over him, and to which alone he is amenable.

Evidence was adduced, under the exception, which was sustained, and the suit was dismissed. From the judgment thus rendered the State appeals.

The evidence shows that the defendant owned a house in Tensas parish; that he sold it and invested the proceeds of it in the purchase of another house in Natchez, where he moved his wife and children.

We do not feel authorized to consider and determine whether the defendant has or not *changed residence*, in the sense of article 195 of the Constitution, for that would be virtually deciding the case on its merits, when the question of *domicil*, on the exception to the jurisdiction, is all that is now before us.   R. C. C. 45.

The defendant may well have changed his residence as an officer, so as to have brought himself within the purview and penalties of the article; but if he have, it would not follow that the change, as established by the evidence, has deprived him of his civil domicil, as an individual or citizen, in Tensas parish.

A residence is one thing and a domicil is another. A person may have as many residences as he may choose, but can have but one real domicil.   11 L. 175; 12 L. 190; 7 An. 395; 30 An. 498; Marcadé, vol. 1, pp. 236, 238, III. § 3; Laurent, Cours Elem. v. 1, p. 195, No. 96; Mourlon, No. 341; 22d Pick. R. 170–177.

Far from finding in the record evidence showing that the defendant has changed his domicil, as a *citizen*, to any other place, within or without the State, we discover facts which establish that he is a registered voter and votes in Tensas parish; that he is a road inspector or overseer there; that he has paid his poll-tax there; that he has a law

office there; that he has declared his intention to continue- having his domicil there; which declaration is spread on the proper public record; that he has a residence at St. Joseph's, at his partner's house there, at which he has engaged rooms permanently, which he occupies when he is in that parish; that professionally, he practices in the two parishes and in New Orleans, and officially discharges his duties in those three places.

We do not wish, however, to be understood as saying that, in order to have a domicil at a particular place, it is unnecessary *there* to have a residence, actual or constructive, with a representative living therein, at which and on whom, in case of absence therefrom, legal process can be served. Mourlon 1, 318, 321; Story Conf. of Laws, § 39 *et seq.;* 12 L. 190.

However that may be, it is established that the defendant had such a residence *proprio marte*, in the parish of Tensas, at which service could have been legally made in his absence from that parish. Pothier, Cout. d'Orl. ch. 1, Art. 20; 5 Ves. 750; 5 Pick. 370; Cochin 3, p. 702; 3 R. 243; 9 R. 243; 11 L. 178; 12 L. 190; 4 An. 186; 19 An. 323.

Whether that sort of a residence is the *actual residence* contemplated and required by article 195 of the Constitution, from the officers named, as a condition *sine qua non* of election to and tenure of office, is a question on which we studiously refrain expressing any opinion, and which can only be passed upon, on the merits of a case properly instituted and presented. All suits, the object of which may be to subject the defendant *personally* to a deprivation of right, should be brought against him at the place of his domicil, while all proceedings which may be levelled against him *officially,* contemplating coercion of performance of official duty, may be instituted and prosecuted against him in the court before which, or in whose jurisdiction, the duty should be discharged. Thus he would be amenable, in a proper case, to proceedings for a *mandamus* before the District Court of the parish of Concordia.

The averment that he has, within the last twelve months preceding the institution of this suit, changed his domicil from Tensas parish to Natchez, could not, on its face, give jurisdiction to the District Court of Concordia parish, unless in the teeth of article 167 of the C. P., which distinctly provides: that in the case of a change of residence the defendant must be cited in the parish where he has resided within the last year, *unless* he has declared, in the manner prescribed by law, that he intended to have his domicil in the other parish; in which case he must be there cited.

A change of domicil from one parish to another is produced by the act of residing in another parish, combined with the *intention* of making one's principal establishment there. That intention is established either

NEW ORLEANS, MAY, 1881.            913

State of Louisiana ex rel. Egan, Attorney General, vs. Steele.

by an express written declaration made by the party before and registered by the parish Recorder, or, in default of such declaration, by proof of the intention, depending upon circumstances, showing acts which manifest sufficiently the intention of such party to make the parish moved to the place of his domicil.   Where the declaration is not made, the party changing his domicil may be cited in the parish where he lives, though he has not resided one whole year there.   In such a case, it is optional with the party desiring to sue to bring suit in either parish. R. C. C. 41, 42, 43; C. P. 167, 168; 15 An. 533; 20 An. 246; 30 An. 498; 8 M. 709; 9 M. 491; 4 N. S. 51; 8 L. 213; 12 L. 190; 1 An. 78; 13 L. 297; 2 An. 946; 4 An. 553.

In those provisions of the Codes, the word " *cited* " means " *sued*," as no valid citation could issue and be served so as to bind the party sued, unless on a suit instituted before a court of competent jurisdiction, the suit being the foundation for the citation.

There is no intimation that such declaration was made or such circumstances exist, in the present instance, in Concordia parish.   6 N. S. 467; 19 L. 561; 12 An. 200; 15 An. 533; 23 An. 516, 564.

The presumption that the domicil of defendant, which, it is not disputed, was originally established in Tensas parish, has there continued, is sustained by the proof in the record.   The old domicil continues until the new one is acquired.   3 R. 243; 11 L. 178; 2 L. 946; 2 An. 946; 4 An. 553; 7 An. 395; 9 An. 165; Marcadé, v. 1, p. 241; IV. 317.

The averment in the petition, the facts and the law, negative the legality of the bringing of a suit against a person in a parish in which he never had a domicil or residence, *unless* it be in the instances exceptionally enumerated by law, among which the present case is not to be found.

The theory upon which this proceeding is brought, seems to be, that the article of the Code of Practice, which requires one to be sued at the place of his domicil, C. P. 162, has no application to a proceeding against a District Attorney, to remove him from office, on the ground that he is a non-resident of the State.

This is a fallacy, which consists in assuming that a person can have but one residence, and that it must be at the place of his domicil; that a change of *that* residence operates as a change of domicil; that the defendant, having changed his residence, has forfeited his right to a domicil in Tensas parish, and has become a stranger, or one having no domicil in the State, and who can be sued and cited wherever found.   C. P. 162, 165 (5).   Such is not the case.

Were the proposition a correct one, it could not be asserted, under the circumstances of this case, unless before the court having jurisdiction of the defendant's last domicil.   C. P. 167.

58

The defendant is not sued here in his *official* character, but in his *individual or personal* capacity. The petition says that his office has been vacated; that he is no more District Attorney; that he is a usurper, an intruder. It does not ask that he be cited as District Attorney. He is sought, with or without reason, to be declared stripped *personally* of a valuable right of office. He is, therefore, entitled to have the suit brought, tried and determined by the District Court at the place of his domicil, which *alone* has jurisdiction of his *person*, and can render *personal* judgment against him; that is, the District Court of Tensas parish.

The judgment appealed from is correct, and it is, therefore, affirmed with costs.