LAND, J.
This is a suit to annul the last will and testament of Mrs. Amanda Delmas by public act, on the grounds, among others:
“That the alleged will was never read over and mentioned as a whole to the testatrix and the witnesses.
“That one of the witnesses, Junior Chauvin, was not a resident of the parish of Orleans, where the so-called will was attempted to be executed, and was therefore incompetent.”
Defendant pleaded the decree in Oglesby v. Turner et al., 124 La. 1084, 50 South. 859, as res judicata.
This plea was sustained as to the specific grounds of nullity set forth in the petition in the first suit, but was overruled as to the two grounds of nullity above mentioned. The cause was tried on its merits, and there was judgment in favor of the defendants. The plaintiff has appealed.
Defendants have not appealed, nor have they answered the appeal, praying for the reversal of the judgment on the plea of res judicata. Hence such judgment cannot be disturbed. City of New Orleans v. New Orl *1096 eans Jockey Club, 115 La. 911, 40 South. 331.
The ground that the testament was not read as a whole is disposed of by the reasoning and authorities set forth in the opinion rendered in the first suit, reported in 124 La. 1084^-1098, 50 South. 859.
The ground that the witness Junior Chauvin was not, at the date, a resident of the parish of Orleans, presents a more serious question.
It is admitted that this witness was, at that time, a minor, nearly 18 years of age, and that his parents were domiciliated in the parish of Lafourche. According to his own testimony, the witness came to New Orleans, in the last week of April, 1901, to attend the public reception of President McKinley on May 1, 1901; that he obtained employment in the office of Benjamin Ory, Esq., but had no recollection of signing the will; that he resided in said city a week or ten days, and then obtained a position in Algiers, and boarded there about a year. Mr. Ory testified that his records disclosed that Junior Chauvin was working in his office from May 2 to May 8, 1901. The will was executed on May 6, 1901. Mr. Murphy, the notary who drafted the will, testified that the boy had been working in his and Ory’s office for several months. The boy’s father testified that his son went to New Orleans to reside in May, 1900, and has actually resided there ever since. There can be no question that the minor was living and working in the city of New Orleans when he signed the will as a witness on May 6, 1901. The testimony of his father and of the notary, Murphy, tends to show that Junior Chauvin was mistaken as to the time he went to New Orleans. The dates given by Mr. Ory were taken from notarial acts which Chauvin had signed as a witness, and do not show that he was not employed in the office prior to May 2, 1901. The judge below found as a matter of fact that Junior Chauvin was residing in the city of New Orleans on that date. The fact of his employment as an office boy tends to show, that such residence was not of a transient character.
In Gande v. Baudoin, 6 La. 722, it was objected that one of the witnesses to a testament was a foreigner not naturalized, and without the legal residence. The court disposed of the objection in the following words:
“It appears that he was a tutor in a private family, actually residing at the time in the parish where the will was made; that he had been living there some months with the intention to continue there at least until the end of the year; and that he had been some years in the United States. It is clear from the evidence that the witness did not reside out of the parish, and had no other domicile in the state.”
The word “domicile” is here used in the sense of abode or residence, because the legal domicile of. the witness was in France. The court held that actual residence sufficed in the case of a witness to a will, who had no intention of permanently residing in the parish. We concur in this view as the only practical one as to the residence required of a witness to a will or other act. The fact of residence is one that can be readily ascertained. Domicile, on the other hand, is a legal relation, which exists between a person and a particular place, originating in residence and intention, or created by operation of law, as in case of birth, marriage, minority, or interdiction. In some jurisdictions “domicile” and “residence” are considered as equivalents, but it is not so in this state. A person may reside alternately in several places, but his domicile is in the parish where he has his “principal establishment”; that is, his “habitual residence,” or, in plain English, “home.” Civ. Code, art. 38.
A residence is one thing and a domicile another. A person may have as many residences as he may choose, but cannot have *1098 but one real domicile. State ex rel. Atty. Gen. v. Steele, 33 La. Ann. 910; Succession of Steers, 47 La. Ann. 1551, 18 South. 503; Estopinal v. Michel, 121 La. 879, 46 South. 907, 19 L. R. A. (N. S.) 759.
Article 1578 of the Civil Code requires three witnesses “residing in the place where the will is executed, or of five withesses not residing in the place,” in case of testaments by public act. By “place” is meant “parish.” Id., art. 1594. Article 1110, in case of public inventories, requires the witnesses to be “domiciliated in the place where the inventories are made.” Thus, the Code draws a distinction between the residence and domicile of witnesses.
Male children who have attained the age of 16 years are capable of being witnesses to testaments. Civ. Code, art. 1591. Therefore, Chauvin had the same capacity to witness the will as a major; but it is argued by the plaintiff’s counsel that, being a minor, he had not the capacity to acquire a residence in the city of New Orleans, because the Civil Code provides that:
“The domicile of a minor not emancipated is that of his father, mother or tutor.” Article 39.
The corresponding article (108) of the Code Napoléon has been construed to refer to the domicile of right or legal domicile of a minor, and not to the residence in fact of a minor, which may be determined by the father or mother. See Carpentier-Du Saint, Répertoire Du Droit Francais, vol. 18, p. 111, No. 315; Id., vol. 31, p. 1004, No. 27.
In this case the father testified that his son, then 17 years of age, went to reside in the city of New Orleans in May, 1900, and has since resided there. The boy left home to earn his own living, with, at least, the tacit consent of his father, who never made any objection to his son’s residing in the city of New Orleans. We therefore are of opinion that Junior. Chauvin was a competent witness to the testament in question.
Judgment affirmed.