LAND, Justice.
 

 Walter W. Hudson presented in the lower court for probate the nuncupative will by private act of the deceased, William Purdy, purporting to be witnessed by five witnesses, residing in the place where the will was executed.
 

 A. L. Klock, one of the nearest relatives of deceased, filed a formal opposition to the probate on several grounds, all of which were abandoned in the lower court, and have not been renewed by appellant here, except as to the sole question in the case; Whether H. E. Lee, a witness to the will, was a resident of Caddo parish on the 21st day of November, 1932, when the testament was made.
 

 Judgment was rendered in the lower court in favor of the proponent, and from this judgment A. L. Klock, opponent, has appealed.
 

 Article 1581 of the Civil Code provides that: “A nuncupative testament under private signature, must be written by the testator himself or by any other person, from his dictation; or even by one of the witnesses, in presence of five witnesses
 
 residing in the place
 
 where the will is received, or of seven witnesses -residing out of that place.”
 

 Appellant contends that the words, “residing in the place where the will is received,” as used in this article, mean residing in the parish where the will is written, and that the residence required by the article is one of a permanent rather than a transitory nature.
 

 The proponent, appellee, on the other hand, asserts that the residence required of a witness to a will need not be permanent, as argued by counsel for opponent, but may be temporary.
 

 The identical question presented here was passed upon in Oglesby v. Turner, 127 La. 1093, 54 So. 400. In that case the terms “domicile” and “residence” were defined and distinguished, and the court quoted with approval from Gaude v. Baudoin, 6 La. 722, at pages 1096 and 1097 of 127 La., 54 So. 400, 401, as follows:
 

 “In Gaude v. Baudoin, 6 La. 722, it was objected that one of the witnesses to a testament was a foreigner not naturalized, and
 
 *905
 
 without the legal residence. The court disposed of the objection in the following words:
 

 “ ‘It appears that he was a tutor in a private family, actually residing at the time in. the parish where the will was made; that he had been living there some months with the intention to continue there at least until the end of the year; and that he had been some years in the United States. It is clear from the evidence that the witness did not reside out of the parish, and had no other domicile in the state.’ ”
 

 In commenting upon this citation, the court continued its opinion as follows:
 

 “The word ‘domicile’ is here used in the sense of abode or residence, because the legal domicile of the witness was in France. The court held
 
 that actual residence sufficed m the case of a witness to a will, who had not intention of permanently residing in the parish. We concur in this view as the only practical one as to the residence required of a witness to a mil or other act.
 
 The fact of
 
 residence
 
 is one that can be readily ascertained.
 
 Domicile,
 
 on the other hand, is a legal relation, which exists between a person and a particular place,
 
 originating in residence and intention,
 
 or created by operation of law, as in case of birth, marriage, minority, or interdiction. In some jurisdictions ‘domicile’ and ‘residence’ are considered as equivalents, but it is not so in this state. A person may reside alternately in several places, but his domicile is in the parish where he has his ‘principal establishment’; that is, his ‘habitual residence,’ or, in plain English, ‘home.’ Civ. Code, art. 38.
 

 “A residence is one thing and a domicile another. A person may have as many residences as he may choose, but cannot have but one real domicile. State ex rel. Atty. Gen. v. Steele, 33 La. Ann. 910; Succession of Steers, 47 La. Ann. 1551, 18 So. 503; Estopinal v. Michel, 121 La. 879, 46 So. 907, 19 L. R. A. (N. S.) 759.” (Italics ours).
 

 In the opinion it is further stated: “Article 1110, in ease of public inventories, requires the witnesses to be ‘domiciliated in the place where the inventories are made.’ Thus, the Code draws a distinction between the residence and domicile of witnesses.” Page 1097 of 127 La., 54 So. 400, 402.
 

 There is good and sound reason for the rule that temporary residence only is necessary in the case of a witness to a will, since to require witnesses domiciled where the will is made, or even permanently residing there, would result frequently in depriving one of making a valid testament because of the difficulty of obtaining such witnesses.
 

 As a witness to a will is competent if he actually resides temporarily in the place where the will is made, the only remaining question to be decided is as to the residence of the witness in this case.
 

 On and prior to November 21, 1932, H. R. Lee, witness to the will, was a locomotive firer man for the Kansas City Southern Railway Company, working on the southern division, between Port Arthur and Shreveport, with the latter city as divisional headquarters. He located in Shreveport on January 1, 1932, established his home at 1604 Park avenue, where he and his wife lived, and has claimed this as their home since that time. At one time he was on the regular board of engineers and firemen of the Kansas City Southern
 
 *907
 
 Railway Company, his employer, but, on account of lack of business and general economic conditions, his name was removed from the board mentioned and placed' upon the extra board. Later, on July 27, 1932, for the same reasons, his name was removed from the extra board and placed upon the emergency board. He maintained his seniority, remained subject to call for duty, and worked when so called while listed on the emergency board. He was listed in his employer’s records as located and residing at 1601 Park avenue, Shreveport, La.
 

 When his name was removed from the extra board on July 27, 1932, he went to Beau: mont, Tex., on the Kansas City Southern Railroad, and his wife went to Lake Charles, also on the Kansas City Southern Railroad, to visit her sister. After that date, and prior to November, 1932, he spent some time in Beaumont and in Lake Charles, working part of the time at the latter place, in an effort to support himself and his wife, but frequently returned to Shreveport, spending his time there at 1601 Park avenue, his home. On or about November 20, 1932, he returned to Shreveport and to 1601 Park avenue, where he was residing at the time the will was made and acted as a witness thereto, remaining there until November 27th or 28th. He then went to his mother’s home at Beaumont, Tex., returning to Shreveport about January 1, 1933, remaining a week or ten days, and working one day on a switch engine.
 

 Residence — “the * * * ‘residence’ of a person is the place where he commonly resides ; a -place to which, when absent, he returns, like a bee to its hive, * * * a bird to its nest.” O’Hare v. Bismarck Bank, 15 N. D. 641, 178 N. W. 1017.
 

 I-I. R. Lee and his family resided continuously in Shreveport from January 1, 1932, to July'27, 1932. After that date, he was absent at times because of lack of business and means of support, but returned at all times to his residence at 1601 Park avenue, Shreveport.
 

 Under this state of facts, it cannot be held that Lee abandoned Shreveport and 1601 Park avenue as his residence, his home. He was listed in his employer’s records as located and residing at 1601 Park avenue. He maintained his status and seniority with the Kansas City Southern Railway Company, his employer, and returned, time and again, to the place which he swears was, at all times, his home.
 

 The fact that Lee, while he was domiciled in Leesville, Vernon parish, prior to his residence in the city of Shreveport, had voted in the senatorial election of 1932, does not militate against the fact that he was a resident of Caddo parish on November 21, 1932, when the will was made in this case.
 

 In Succession of Rouquette, 161 La. 155, 108 So. 319, a witness to a nuncupative will by private act was held to be a resident of the place where the will was executed, though he registered as a voter in another city and stated in his will that he resided there.
 

 Each case as to the legal qualifications of a witness to a will must stand upon the particular facts of that case.
 

 Judgment affirmed.