**Norman POLGLASE, Plaintiff,**

v.

**ILLINOIS NATIONAL INSURANCE COMPANY, a corporation, Defendant.**

**Civ. A. No. 38637.**

United States District Court
N. D. California, S. D.

May 12, 1960.

---

Richard D. Bridgman, of Ericksen, Ericksen & Kincaid, Oakland, for plaintiff.

Charles A. Legge, of Bronson, Bronson & McKinnon, San Francisco, Cal., for defendant.

WOLLENBERG, District Judge.

Defendant appeared specially to move to dismiss this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., upon the ground that this court lacks jurisdiction over defendant.

In this action plaintiff seeks recovery directly from the defendant on a policy of insurance issued by the defendant to one Robert A. Schrumpf, against whom the plaintiff had previously secured a judgment. The action was commenced in the Superior Court of the State of California in and for the County of Contra Costa. Service of process was made under California Insurance Code Sections 1610 to 1620. The petition for removal to this court alleges the matter in controversy exceeds ten thousand dollars and that the defendant is an Illinois corporation and the plaintiff is a citizen of California.

Defendant asserts in argument and memoranda of points and authorities with supporting affidavits that none of the acts referred to in Section 1610 and described in Section 1611 of the California Insurance Code occurred in this case so that service might be effected under the statute. Service upon nonadmitted alien insurers under the same provisions of the California Insurance Code now in question has been held valid under the Due Process Clause of the Fourteenth Amendment. McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. Defendant does not assert that the statute is invalid but only that, as a matter of state law, service could not be effected upon it since the circumstances prescribed by §§ 1610 and 1611 were not present.

Specifically, the defendant contends that since Schrumpf was physically in California only for military duty and did not intend to remain in California beyond the period required by the Army that the insured did not become a "resident" of this state, and service upon the defendant insurer could not be effected under § 1610.

Section 1611 provides, among other things, that the collection of premiums for, or any other transaction of business arising out of, a contract of insurance insuring property or operations located in this state, are acts which may constitute appointment of the commissioner as attorney for service of process. The pleaded facts and the affidavit of Schrumpf show that he was in California on duty with a Missile Battalion continuously from February 1957 until his discharge from the Army on April 3, 1958; that a policy of insurance for bodily injury, property damage and collision was issued to Schrumpf on August 1, 1957, upon a 1953 Mercury automobile; that the automobile was garaged in Berkeley, California; that on August 16, 1957, a Military Personnel Limitation of Coverage Endorsement was added to the policy; that on October 7, 1957, a General Endorsement was added to said policy raising the premium and changing the principally garaged address to Berkeley, California as of August 1, 1957, and that premiums for the policy were mailed from California. These acts are enough to constitute appointment of the commissioner for service of process if § 1610 is complied with.

Section 1610 provides in part:

"Any of the acts described in Section 1611, when effected in this State, by mail or otherwise, by a foreign or alien insurer which is nonadmitted at the time of the solicitation, issuance or delivery by it of contracts of insurance to *residents of* * * * this State, is equivalent to and shall constitute an appointment * * * of the commissioner * * *." (Emphasis supplied.)

Defendant contends that Schrumpf was not a resident of California, hence service could not be effected under § 1610. Residence has no fixed meaning in the California statutes. The meaning given varies according to the purpose of the statute in which the term appears. Briggs v. Superior Court, 1947, 81 Cal. App.2d 240, 183 P.2d 758. The purposes of California Insurance Code §§ 1610–1620 are stated in Stats.1949, Ch. 495, § 1. One purpose is to allow the insured or beneficiaries under insurance contracts issued by non-admitted insurers to residents of this state physically present herein to assert legal rights upon such policies in the local forum rather than to require resort to a distant forum. To further the stated purpose of the statute "resident" should not be interpreted to be synonymous with domicile. The insured and beneficiaries of the policy have the same need for a local forum whether or not the insured is present in the state because of his own choice and whether or not the insured enters into the affairs of the community and intends to remain indefinitely. For these reasons "resident" is not equated with "domicile", but means physical presence, plus some additional factors establishing the insured's contact with the state.

Affidavits establish that Schrumpf was on military duty in the state from June 1956 to April 3, 1958, and from February 3, 1957, the insured owned, maintained and operated an automobile within the state. The legislative intent as expressed in Stats.1949, Ch. 495, § 1, was clearly that the insurer of such a person as the insured herein should be subject to the jurisdiction of the courts within the state. The insured was a resident as that term is used in § 1610.

The defendant's motion to dismiss is hereby denied.