See also 190 F.Supp. 171.

David S. Malis, Philadelphia, Pa., for plaintiffs.

Owen B. Rhoads, Philadelphia, Pa., for defendant.

Order Sur Plaintiffs' Motion to Require Defendant to File a Bond With Surety, or to Strike Defendant's Answer From Record (Document No. 39)

And Now, November 1, 1961, after consideration of the above Motion, the attached brief of counsel for plaintiffs, oral argument and the record, it is ordered that Plaintiff's Motion To Require Defendant To File A Bond With Surety, Or To Strike Defendant's Answer From Record (Document No. 39) is denied.

/s/ Francis L. Van Dusen
J.

Plaintiffs' instant motion is based on their position that defendant is an "unauthorized insurer" within the meaning of the Pennsylvania Unauthorized Insurers Process Act (40 P.S. § 1005.1 et seq.) and, therefore, subject to the provisions of § 3 thereof (40 P.S. § 1005.3), which requires such "unauthorized insurer" to file a bond with the court before its answer is filed.

Plaintiffs first filed a motion similar to the instant motion on February 17, 1961 (Document No. 27), which motion was

**CONSOLIDATED SUN RAY, INC.**
and
**Sun Ray Drug Co.**
and
**Bargain City U. S. A., Inc.**
v.
**STEEL INSURANCE COMPANY OF AMERICA.**

**Civ. A. No. 28145.**

United States District Court
E. D. Pennsylvania.

Nov. 1, 1961.

dismissed by order of May 5, 1961 (Document No. 32). In the discussion contained in that order, it was noted that the record was not clear as to whether defendant was an "unauthorized insurer" within the meaning of the Pennsylvania Act and subject to its provisions, and that the motion to file a bond would be dismissed without prejudice to plaintiffs' right to renew it if they could develop facts to bring the case within the scope of the Act.

The instant motion was filed after more facts had been placed on the record and, subsequent to the filing of this motion, additional affidavits and other facts were placed on the record which concern the motion. All of these have been considered by the court, as was agreed at the time of the oral argument on this motion.

Section 2(a) of the Pennsylvania Unauthorized Insurers Process Act specifies the acts which subject insurer to the jurisdiction of the Pennsylvania Courts and to the provisions of § 3 of the Act (see Document No. 32).[1] The record does not show that defendant engaged in any of the acts specified in § 2(a) of the Pennsylvania Act.

Plaintiffs have asserted an agency relationship between defendant and Anka Agency of Newark and then have argued that delivery of the policy by the Anka Agency to plaintiffs was the action of the defendant company which subjected them to the Pennsylvania Act (see par. 32 of Document No. 35 and Document No. 41). They have also stated that defendant was apprised by written notice that the risk involved property in Pennsylvania (see par. 28 of Document No. 35).

The allegations concerning Anka's relationship with defendant have been denied by defendant (see Answer 3(a) in Document No. 52; Document No. 54 and Document No. 55). The record also shows that both defendant and the Illinois broker with whom the defendant dealt were not advised that there was any Pennsylvania property covered by the policy (see par. 5 of Document No. 54 and Document No. 55).

Plaintiffs' reliance on American Universal Ins. Co. v. Sterling, 203 F.2d 159 (3 Cir. 1953), in support of this motion is not justified. That case held that, even if the insurance company were not subject to the Unauthorized Insurers Process Act (because the policy was not delivered in Pennsylvania, among other reasons), the rule of Swing v. Munson, 191 Pa. 582, 43 A. 342, 58 L.R.A. 223 (1899), still prevented a foreign insurance company not authorized to do business in Pennsylvania, but which was "doing business" in that state, from suing in the Pennsylvania courts on the policy. Even if this defendant were considered to be "doing business" in Pennsylvania for the purpose of denying it access to the Pennsylvania courts under the rule of Swing v. Munson, supra;[2] it would not necessarily be engaging in acts which would subject it to the provisions of 40 P.S. § 1005.3.[3]

The record does not set forth such facts as would persuade this court to rule that defendant is subject to the provisions of 40 P.S. § 1005.3. The motion has, therefore, been denied.

1. The hearing judge has no authority to reconsider the ruling of a colleague such as that contained at pp. 2–3 of the May 5, 1961, order (Document No. 32). See Pennsylvania Railroad Co. v. Erie Avenue Warehouse Co., 193 F.Supp. 471, 485 (E.D.Pa.1961), and cases there cited.

2. It is not necessary to decide this question. However, it is noted that in neither Swing v. Munson, supra, nor in American Universal Insurance Co., supra, was a court presented with a case factually similar to the instant one, in which the insurer denies knowing that the insured was located in Pennsylvania and that it was insuring property located in Pennsylvania.

3. 40 P.S. § 1005.1, in setting forth the purpose of the Unauthorized Insurance Process Act, says that the state exercises its power to define "for the purpose of this statute" what constitutes doing business in the state.