168 So.2d 873 (1964)
Evelyn C. VEHRS, Natural Tutrix of the Minor, Darlene Moss, Plaintiff and Appellee,
v.
JEFFERSON INSURANCE COMPANY et al., Defendant and Appellant.
No. 1224.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1964.
Rehearing Denied December 1, 1964.
Writ Refused January 21, 1965.
*874 Gist, Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, for defendants-appellants.
Shapiro & Shapiro, by Morris Shapiro, Alexandria, for plaintiffs-appellees.
Before CULPEPPER, SAVOY and TATE, JJ.
En Banc.
CULPEPPER, Judge.
This case and its companion cases, Vehrs v. Jefferson Insurance Company, et al., La.App., 168 So.2d 879; McKay v. Jefferson Insurance Company, et al., La.App., 168 So. 2d 879; Otis L. Carmouche, Individually and as Administrator for the Minor, Carmouche v. Jefferson Insurance Company, et al., La.App., 168 So.2d 880; Otis L. Carmouche, Individually and as Administrator for the Minor, Carmouche, v. Jefferson Insurance Company, et al., La.App., 168 So.2d 880, arose out of the same set of facts and were consolidated for purposes of trial and appeal. These are the same cases in which we previously denied motions to dismiss the appeals. See Evelyn C. Vehrs, Natural Tutrix for the Minor, Moss, v. Jefferson Insurance Company, et al. (3rd Cir.App. 1964) 166 So.2d 20.
Plaintiffs in these cases were passengers in an automobile driven by defendant, Richard L. Vehrs, at the time of a one-car accident about December 30, 1962 on Louisiana State Highway #8 in Grant Parish, Louisiana. The defendant, Jefferson Insurance Company, is the alleged liability insurer of Vehrs. After defendant insurer's exceptions to the service of process, jurisdiction and venue were disposed of, judgments were eventually taken by default as against the insurer alone. The insurer has now appealed.
The substantial issue on appeal is whether the trial court erred in overruling defendant insurer's exception to the jurisdiction over the person. LSA-C.C.P. Art. 6. This involves an interpretation of LSA-R.S. 22:1253 which provides in pertinent part that the issuance or delivery by a foreign insurer, not authorized to do business in this state, of a policy to a citizen or resident of this state, is equivalent to appointment by such insurer of the Secretary of State as its agent for service of process in any suit arising out of such policy. The defendant, Jefferson Insurance, Company, is admittedly a foreign insurer domiciled in the State of Arkansas, not authorized to do business in Louisiana. The record shows service of process on the Secretary of State and that a copy of such process was received by the defendant insurer and that the attorney for the plaintiffs likewise sent by registered mail to defendant copies of the process within 10 days and, in fact, that all of the formalities required by said statute were complied with.
However, it is the contention of the defendant insurer that LSA-R.S. 22:1253 has no application here because the insured, Richard L. Vehrs, was not a citizen or resident of Louisiana at the time the policy was issued. Defendant contends the only evidence in the record is the address of Vehrs stated on the policy, which shows he was in the military service stationed at England Air Force Base, Alexandria, Louisiana. It is argued this is not sufficient proof that Vehrs was either a citizen or resident of Louisiana. Defendant contends that England Air Force Base is a military reservation, subject to the exclusive control of the Federal Government and that military personnel assigned there are not residents of *875 the State of Louisiana in which this base is located. No Louisiana case is cited in support of this proposition, but defendant cites several cases from other jurisdictions, involving unauthorized insurance acts, which cases apparently support defendant's position to some extent: Dezell v. E. E. Black, Ltd. (1961-District Court of Guam), 191 F.Supp. 635; Consolidated Sun-Ray, Inc., et al. v. Steel Insurance Company of America, (1961-Eastern District, Pa.) 199 F.Supp. 111; Johnson v. Universal Underwriters, Inc. (1960-7th Cir.) 283 F.2d 316.
On the other hand, plaintiffs contend that mere residence by Vehrs on England Air Force Base was sufficient to constitute him a resident of the State of Louisiana. Plaintiffs cite Polgase v. Illinois National Insurance Co., (District Court of California) 183 F.Supp. 519, in support of their position.
We find it unnecessary to decide whether Richard L. Vehrs was or was not a resident of Louisiana. In either event, service of process on the Secretary of State was sufficient and thereby vested jurisdiction in the court over the person of this nonresident insurer. If Vehrs was a resident of Louisiana, then the issuance of the policy to him brings this case within the contemplation of LSA-R.S. 22:1253. On the other hand, if Vehrs was not a resident of Louisiana, as defendant contends, then this case falls within the provisions of LSA-R.S. 13:3474, which provides in pertinent part that the use by nonresidents of the highways of this state "* * * shall be deemed equivalent to an appointment by such non-resident of the secretary of state of Louisiana or his successor in office, to be his true and lawful attorney for service of process, as well as the attorney for service of process of the public liability and property damage insurer of the vehicle, if such insurer be a non-resident not authorized to do business in the state * * *."
It is therefore our conclusion that service of process on the Secretary of State and subsequent actual notice to defendant, was sufficient and vested in the district court jurisdiction rationae persona over this nonresident insurer not authorized to do business in Louisiana.
Counsel for defendant has not presented any arguments on appeal with reference to his exception to the venue, but it would appear that since this accident occurred in Grant Parish the proper venue is there where the loss occurred.
Defendant insurer also argues that a new trial should be ordered because it would be inequitable and unconscionable under the circumstances to allow this default judgment to stand. Defendant contends the only reason it suffered the default judgment to be taken was because its attorneys never received any notice of the filing of the affidavit of compliance under LSA-R.S. 22:1253 and the further failure of defendant's attorneys to receive notice of an ex parte order of court dated October 21, 1963 directing defendant to post a bond in the sum of $12,000 or qualify to do business in Louisiana. See LSA-R.S. 22:1255. Defense counsel argues that had he received such notice he would have asked for a hearing on whether the defendant was an unauthorized insurer within the contemplation of LSA-R.S. 22:1253 and if this issue had been decided adverse to him he would then have decided whether or not to file the required bond to have the defendant authorized to do business in Louisiana.
Pretermitting the very serious question as to whether this unauthorized insurer, having failed to post bond, etc. as required by LSA-R.S. 22:1255, could move for a new trial in the courts of our state, we make the following observations:
For the reasons which we have set out above, it is apparent that it would have availed defendant nothing to seek a hearing on the issues presented by the ex parte order. The only argument which defendant *876 insurer could have made at such a hearing would have been that the insured, Richard J. Vehrs, was not a resident of the State of Louisiana at the time the policy was issued. As we have stated above, whether the insured was a resident of Louisiana or not, service on the Secretary of State was sufficient and jurisdiction over this nonresident insurer was acquired thereby.
Furthermore, counsel have not cited any statute which requires notice to the defense attorneys of the filing of the affidavit of compliance or an order such as the ex parte order of October 21, 1963 requiring the posting of bond, etc. Actually LSA-R.S. 22:1253 does not require such an order, or a hearing thereon. As noted above, the defendant insurer did receive such notice at its domicile in the State of Arkansas and there was full compliance with the provisions of LSA-R.S. 22:1253. Thereafter, it was up to the defendant insurer to communicate with its counsel and decide what action it desired to take in defense of these suits. The defendant insurer took no action and the default judgments were entered in due course.
In addition, the transcript of testimony taken in connection with the application for a new trial shows that counsel for plaintiffs testified that he had been advised by counsel for Jefferson Insurance Company that they were going into liquidation and he didn't know whether they wanted to post a bond or not and in fact counsel for defendant "* * * didn't know whether he would be retained as their counsel or get paid or anything else." Plaintiff's counsel further testified that he advised counsel for defendant that if a bond was not furnished, or the insurer did not qualify to do business in Louisiana, plaintiffs were going to take default judgments in these cases. Under these circumstances no further contact between counsel was had.
Furthermore, as counsel for plaintiffs has pointed out, actually more than the 30 days from the date of filling of the affidavit of compliance, as required by R.S. 22:1253, was allowed. The affidavit was filed on October 17, 1963 and the default judgment was not taken until December 13, 1963.
Under all of these circumstances we do not think the trial court abused its discretion in denying a new trial. LSA-C.C. Art. 1973.
The next argument of defendant insurer which we will discuss is that plaintiffs did not sufficiently prove the essential allegations of their demands at the time default judgments were taken. LSA-C.C.P. Art. 1702. The record on appeal does not contain the transcript of testimony of any of the witnesses at the hearing on confirmation of default, although it indicates that several testified. Nor does the record contain a statement of facts by the trial court. No attempt has been made by the defendant insurer to correct this deficiency in the record. Under these circumstances the jurisprudence is well established that the judgment of the trial court is presumed to have been based upon sufficient evidence and to be correct. Clark v. Richardson (3rd Cir.App.1963) 157 So.2d 325.
The final argument of defendant insurer is that the law does not favor piecemeal trial of cases and it was improper for the plaintiffs to take default judgments against the defendant insurer, without setting the case for trial as against the defendant Vehrs, who had filed an answer, and also taking a judgment against him. Counsel for defendants have cited no authority which supports this argument. LSA-C.C.P. Art. 1701 clearly provides that "if a defendant in the principal or incidental action fails to answer within the time prescribed by law, judgment by default may be rendered against him. * * *" (emphasis supplied) This language seems to clearly state that if one of several defendants fails to answer, judgment may *877 be taken against that defendant without waiting for trial on the merits as to any defendants who did file answers. No authority has been cited to us holding the contrary.
For the reasons assigned the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.

On Application for Rehearing
PER CURIAM.
In an application for rehearing the defendant insurer argues that if the basis of the court's jurisdiction is indeed the nonresident motorist statute, LSA-R.S. 13:3474, the trial court then had no authority to require the posting of bond as a prerequisite to its use of the Louisiana courts. The applicant points out that such a requirement for the posting of bond is found only in the unauthorized insurer statute, LSA-R.S. 22:1251 et seq.
The purpose of this per curiam opinion is to make a definite holding that the basis of the court's jurisdiction over the person of this nonresident insurer was the unauthorized insurer statute and hence that the trial court correctly required the posting of bond.
As noted in our original opinion, the basic issue as to the application of the unauthorized insurer statute is whether the insured, Richard L. Vehrs, was a "resident" of this state at the time the policy was delivered to him by defendant, which is admittedly a foreign insurer without a certificate of authority to do business in Louisiana.
The evidence in the record as to Vehr's residence consists of defendant's policy dated December 10, 1961 and a renewal thereof dated December 10, 1962, both showing the name and address of the insured as: "R. L. Vehrs AIC Box 3391 622nd AREFS England AFB La." These policies make a prima facie showing that Vehrs was a member of the armed forces stationed in Louisiana for at least a year; that both policies were delivered to him in Louisiana and that the premiums were paid from Louisiana.
Defendant contends that the mailing of a policy by a nonresident insurer to a person temporarily stationed at a military base in Louisiana does not constitute delivery to a resident of this state.
It appears that the case of Johnson v. Universal Underwriters, Inc., 283 F.2d 316 (7th Cir. 1960) supports the position of the defendant insurer. In that case a Texas agent of an Indiana insurer delivered a policy to the insured who was a member of the armed forces stationed at Camp Breckinridge, Kentucky. The court held that the insured was not a resident of the state of Kentucky for purposes of that state's unauthorized insurer statute.
A contrary result was reached in the case of Polglase v. Illinois National Insurance Co., 183 F.Supp. 519 (District Court of California 1960) where a liability policy was delivered by a foreign insurer to a serviceman stationed in California. It is our opinion that the Polglase case is better reasoned and more in keeping with the purposes and intent of the unauthorized insurer statutes. As the Polglase case points out, there is a distinction between "domicile" and mere "residence". In the legal sense, a person's domicile is the place where he has his permanent home or principal establishment, to which place he has, whenever he is absent, the intention of returning. Shreveport Long Leaf Lumber Co. v. Wilson, D.C., 38 F.Supp. 629; 17a Am.Jur. 194-195, Verbo Domicile, Section 2. On the other hand, a person's residence is his dwelling place, however temporary, and regardless of whether he intends that to be his permanent home. The case of Oglesby v. Turner, 127 La. 1093, 54 So. 400, recognizes the distinction between domicile and residence *878 and states: "A residence is one thing and a domicile another. A person may have as many residences as he may choose, but cannot have but one real domicile." See also Foreman v. Jordan, 131 So. 2d 796 (La.App. 3rd Cir. 1961).
Thus, in the present case, it need not be shown that Vehrs was a citizen of, or that he had his legal domicile in Louisiana. It need only be shown that he was a "resident" of this state. "As in construing other statutes, in the construction of legislation using the term `residence' the courts look primarily to the legislative purpose, as well as the context." 17a Am.Jur. 201, Verbo Domicile, Section 9. The legislative purpose of the unauthorized insurer's statutes is set forth in the Polglase case, supra, as follows:
One purpose of the California statute providing for service on the Commissioner of Insurance on behalf of non authorized alien insurers is to allow the insured and any beneficiaries under insurance contracts issued by non admitted insurers to residents of California to assert legal rights upon such policies in the local forum rather than to require resort to a distant forum, and the word "residence" should not be interpreted to be synonymous with "Domicile".
In the landmark case of McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, which is the basis of the state courts' jurisdiction in cases of this type, the court said:
"* * * a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and nonresidents.
"It cannot be denied that California has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims. These residents would be at a severe disadvantage if they were forced to follow the insurance company to a distant state in order to hold it legally accountable. The statute is purely remedial and did nothing more than to provide petitioner with a California forum. It did not enlarge or impair respondent's substantive rights or obligations under the contract."
With these legislative purposes of the statute in mind, we think Vehrs was a resident of Louisiana, even though he was living here as a member of the armed forces assigned to a military post. The facts remain that Vehrs lived in Louisiana for over a year; that both policies were delivered to him here; that the contract contemplated the insured vehicle would be kept in Louisiana and used principally on its highways; that in the event of an accident there might be Louisiana claimants for whom the courts of this state would be the most advantageous forum. We fail to see that it makes any difference whether Vehrs was residing here involuntarily by reason of his military assignment or whether he was residing in Louisiana of his own choice. The legislative purposes in using the term "residence" would be the same in either event.
Our conclusion is that the insured, Richard L. Vehrs, was a resident of this state at the time of the delivery of the contracts of insurance to him, within the contemplation of the unauthorized insurers act, LSA-R.S. 22:1251 et seq. Under this statute the court had jurisdiction over the person of this foreign insurer, and it correctly required the posting of bond.
The application for rehearing is denied.