BARNETTE, Judge.
This is an appeal by the plaintiff from a judgment rejecting her demands for damages for personal injuries sustained in an automobile accident. The case was tried before a jury and resulted in a unanimous verdict for defendant rejecting plaintiff’s demands.
The plaintiff, Mrs. Kathryn Unruh Rhodes, divorced wife of Charles J. Rhodes, was the guest passenger in an automobile owned and driven by Miss Dorothy R. Cowen on March 23, 1963, on a trip from New Orleans, the domicile.of both parties, to Pensacola, Florida, the home of a mutual friend. The accident occurred at a point between Mobile, Alabama, and Pensacola on U. S. Highway 90 in the State of Florida. Miss Cowen and Mrs. Rhodes were travel-ling toward Pensacola and rounded a long sweeping right curve which led to the crest of a hill. Immediately beyond the crest of hill there was a pickup truck also in 'the traffic lane leading toward Pensacola, but the truck was moving in reverse. The Valiant automobile driven by Miss Cowen collided with the truck causing the serious injuries for which her guest passenger seeks damages.
On March 20, 1964, suit was filed by plaintiff against United States Fire Insurance Company, Miss Cowen’s liability insurer, and Miss Cowen individually and in solido. United States Fire Insurance Company’s exception of no cause of action was sustained on the authority of Honeycutt v. Indiana Lumbermens Mutual Insurance Company, 130 So.2d 770 (La.App.3d Cir.1961), which held that a direct action against the insurer under LSA-R.S. 22:655 could not be maintained where the accident occurred outside the State of Louisiana.[1] No appeal was taken and that judgment is *154 final. Bertucci v. Bertucci, 224 La. 364, 69 So.2d 502 (1953); Oglesby v. Turner, 127 La. 1093, 54 So. 400 (1911). A motion for summary judgment by the defendant Dorothy R. Cowen was denied.
The defendant Miss Cowen denied negligence and specifically pleaded the Florida Guest Statute and alternatively the laws of negligence of Louisiana and contended that there was no liability on her part under the applicable laws of either state. Before discussing the question of whether we will apply the Florida Guest Statute which imposes upon the guest passenger a duty of proving a more substantial degree of negligence of the host driver than is required under Louisiana law, we will discuss the evidence adduced at the trial relating to the accident.
Plaintiff testified in her own behalf and called Miss Cowen on cross-examination. No other witnesses were called by her to testify specifically as to how the accident occurred. The defendant introduced by way of depositions the testimony of William E. Davis, Sheriff of Escambia County,[2] Florida, and Mrs. Lois Stockstill, a practical nurse, both of whom, by chance, came upon the accident scene a very few minutes after it happened. Defendant also introduced by deposition the testimony of the only disinterested actual witness, Mrs. Rita Lee Troyer. Mrs. Troyer was standing in her yard across the highway, and was attracted by the sound of brakes and witnessed the impact.
There is no serious conflict of testimony as to how the accident occurred, and therefore we will not attempt a detailed analysis but will state the facts as found by us, which are amply supported by the testimony of the witnesses and the excellent photographs of the scene filed in evidence by both parties.
U. S. Highway 90 proceeds in an easterly direction from New Orleans toward Pensacola. At a point about 15 miles from that city the highway makes a sweeping right-hand curve up a moderate hill. The area is fairly heavily wooded, but we do not think there was any obstruction of view on this account. The curve in the highway is not abrupt and the crest of the hill may be seen from a safe distance. From the hill eastward the highway continues straight across the rolling terrain.
At the crest of the hill on the south side of the highway (to the right of Miss Cowen and her passenger) there is a roadside establishment called “Country Grill” which, as the name implies, is a typical drive-in establishment for short orders, soft drinks, and beer. It also has a gasoline pump which is back from the highway several feet, and it is surrounded by trees. An unpaved area extending some distance in each direction is provided for automobiles to approach the establishment without impeding highway traffic.
Miss Cowen approached the crest of the hill at a speed of approximately 55 miles per hour. The speed limit was 65 miles per hour. The weather was fair and the time about 4:30 in the afternoon. Traffic was moderate or light and there was no testimony of automobiles moving in or out of the Country Grill.
When Miss Cowen reached the crest of the hill she was confronted immediately with the pickup truck in her lane of traffic moving toward her in reverse. She testified that she was startled at the sudden appearance of the truck, since she had not been following any vehicle around the curve and over the hill. It was a moment or two before she realized the truck was moving in reverse. She applied her brakes with full force causing the tires to slide, but she was unable to stop. She hit the truck which, after impact, was found by the Sheriff still almost entirely on the paved portion of the highway. Its right rear wheel might have been just off the pavement. The driver of the truck was highly intoxicated. He *155 was not called as a witness, and nothing more is known of him. The impact of the collision threw the plaintiff against the windshield causing severe facial lacerations and other injuries. Miss Cowen was also injured, but less seriously.
The testimony of Mrs. Troyer, the eyewitness to the occurrence, fully substantiated Miss Cowen’s statements regarding the accident. ... .
The plaintiff’s testimony as to how the accident occurred is of no practical value. For some time prior to the accident she had been dozing and' was awakened by the sudden application of brakes, and the exclamation of Miss Cowen: “What is this fool going to do, he is backing up.” At that, plaintiff, in her own words stated that “I jumped up, I looked and saw this truck just right in front of us and I covered my face and ducked my head and that quick I hit the windshield, and fell back into the seat.”
Plaintiff-appellant specifically pleads the following errors of the trial court:
1. In reading to the jury the Florida Guest Statute yet permitting the jury to decide its applicability;
2.In reading every special charge, whether defendant or plaintiff, dealing with gross negligence and willful or wanton negligence;
3. In failing to instruct the jury that the law of simple or ordinary negligence was to be applied to the facts of the case;
4. In instructing the jury to take the charges given as the law in the case, and further instructing them that the charges may be opposite; and in permitting the jury to determine which law is applicable, as they conclude the facts in the case;
5. In failing to instruct the jury that the Florida Guest Statute did not apply because the host and guest were on a trip for their mutual benefit; and
6.In failing to give all of the charges requested by the plaintiff.
Counsel for plaintiff and for defendant have filed well-prepared briefs on the question of whether the laws of the State of Florida or Louisianá should be applied to the issues of the case. Additionally we were given an excellent amicus curiae brief on the subject, but under the facts as we have related them above, we find it unnecessary to decide the question for we find that the plaintiff has failed to prove any negligence whatever chargeable to the defendant.
The accident was caused solely by the gross (if not criminal) negligence of the truck driver. Therefore it could not conceivably affect our judgment that the jury might have been improperly instructed to determine the laws of which state to apply.
The verdict of the jury was manifestly correct.
The judgment rejecting plaintiff’s demands is affirmed at her cost.
Affirmed.

. But see Mary Estus Webb, Administratrix v. Zurich Insurance Company et al. 251 La. 558, 205 So.2d 398, and Mrs. Frances Tucker Owen, Administratrix v. Zurich Insurance Company et al., 251 La. 590, 205 So.2d 410 (handed down on December 11, 1967), wherein the Supreme Court expressly rules to the contrary on this point. See also Michel v. Bahn et al., La.App., 207 So.2d 150 (handed down this day.)

. At the time of the accident Mr. Davis was a county patrolman with the sheriff’s office and later was elected sheriff.