SCHOTT, Judge,
dissenting.
I would prefer to reach the result my colleagues have in this case because to do otherwise is to declare the will invalid because of a highly technical defect in its confection. Nonetheless the jurisprudence is to the effect that unless the technical requirements for the confection of a nuncu-pative will under private signature as set forth in C.C. Art. 1581 are complied with the testament is invalid. Soileau v. Ortego, 189 La. 713, 180 So. 496 (1938).
Art. 1594 declares without equivocation that the phrase “residing in the place where the will is received” in Art. 1581 is to be understood as “their residence in the parish where that testament is made.” Whitney Jasmine, the witness to the will, whose residence is at issue here, had absolutely no residence whatsoever in St. James Parish at the time the will was confected.
To uphold the validity of this will we must reach a conclusion which is diametrically opposed to the jurisprudence as expressed in Purdy v. Klock, 179 La. 902, 155 So. 394 (1934). There the court was confronted with the problem of a witness who *911 had a temporary residence in the Parish where the will was confected but a permanent residence elsewhere. The court noted the distinction between a domicile and a residence and held that all that was necessary for compliance with Arts. 1581 and 1594 was for the witness to have a residence in the Parish where the will was made even though such residence might only be temporary. Jasmine might very well have maintained in St. James Parish a domicile which as is pointed out in the Purdy case, is a legal relation between a person and a place, but he had no residence there.
I would reverse the judgment of the trial court.